## HIGGINBOTHAM *v.* CONWAY.

The answer filed by the defendant contained some averments constituting, in substance, at least a good partial defense against the plaintiff's petition; and hence it should not have been stricken on general demurrer.

| 113 1155 |
| Case 2 |
| 115　767 |

Submitted June 20, — Decided July 24, 1901.

Complaint on note.　Before Judge Proffitt.　City court of Elberton.　November 13, 1900.

To a suit on two promissory notes dated November 25, and due December 1 and 15, 1898, one for $100 and the other for $308.45, the maker filed pleas which were stricken on demurrer; to which ruling he excepted.　The pleas are as follows: He denies each and every allegation in the petition, save as admitted in this plea. During the years 1897 and 1898 defendant and plaintiff were in business together in Clarke county.　Defendant went to Elberton in the fall of 1897, leaving the business in Clarke county in the plaintiff's hands, believing that he would conduct it in a legitimate, careful, and economical way.　While the business so lasted the plaintiff damaged the defendant by his failure to conduct the business in a proper way, in the sum of $500 or other large sum.　Said

damage arose further from plaintiff's employing, without defendant's consent, incompetent men to work for the business in which they were engaged, and by his negligence permitting them to injure their business and lose them money ; all of which was the fault and negligence of plaintiff. After failing to work to defendant's interest as he was expected to do, plaintiff created heavy expense and charged the same up to defendant, which sums of expenses were not chargeable to him. He did not know of the fraud perpetrated upon him by plaintiff's acts, and gave his notes to plaintiff in payment of the alleged indebtedness; nor did he ascertain this until after the notes were given; and because of this fraud and injury he denies his liability in the amount stated. He is not indebted to plaintiff in any manner whatsoever, and pleads as a set-off to the amount claimed the sum of $500. In the execution of the notes sued on, the plaintiff, fraudulently and with intent to deceive, inserted a greater amount as principal than agreed upon, and defendant objected to signing said instruments with such sum as written; whereupon plaintiff agreed to write same off and make the note speak what they had intended, and that this would be attended to after the signing of the notes and before they fell due. Plaintiff never carried out this agreement, and perpetrated a fraud on defendant, which he here pleads, and says that the notes are not binding on him.

He was charged by plaintiff with certain expenditures made by plaintiff in carrying on another and distinct business than that in which they were engaged, and expenditures of which defendant knew nothing and had nothing to do with were added in the note sued on, and were the objections defendant had to signing said note. He relied upon plaintiff's statement that he would correct same, and that defendant would never have the amount to pay. Upon this statement of plaintiff defendant signed the notes sued on, and alleges that plaintiff has never carried out this agreement, but on the contrary did not intend doing so, and has acted in bad faith, fraud, and deceit with defendant. Defendant would never have signed said notes but for the fraudulent statements of plaintiff in fraudulently leaving in said notes an amount greater than that agreed upon by the parties, and did so by trick and deceitful means, thus making the papers read differently in amount than was intended, which said fraud was perpetrated in the execution of said

notes. Defendant and plaintiff were in business in Athens. Defendant moved to Elberton, leaving the sole management of the Athens business in plaintiff's hands, knowing nothing of the particulars and management of the business there. They dissolved, and in settling up their business defendant gave to plaintiff the notes sued on, which plaintiff represented to be the indebtedness of defendant to plaintiff. At that time defendant did not know that plaintiff had charged up to him certain items of expense and other matters for which he was not liable, plaintiff charging up to him certain expenses and other items which were incurred in a separate business carried on by plaintiff, and which in no way could defendant be liable for, which amount exceeded $200. Not knowing the amount claimed to be due plaintiff was incorrect and false, defendant relied on plaintiff's representations that it was correct, and signed the notes sued on ; but after signing same he ascertained that said representations were false, and redounded to his damage in the sum of $500., Defendant's opportunities for knowing said representations were correct or false were much less than plaintiff's, because defendant resided in Elberton, and the business was carried on in Athens by plaintiff, who had full and complete charge of same.

*Z. B. Rogers*, for plaintiff in error.　　*C. P. Harris*, contra.

LEWIS, J. The reporter's statement sufficiently sets forth the nature of this case and the character of the answer filed by the defendant. The court sustained a general demurrer to this defense. We think this was clearly error. Portions of the answer may not be able to withstand a special demurrer, but as against a general demurrer there is unquestionably enough in them to take the case to the jury. See *Treadaway* v. *Richards*, 92 *Ga.* 264.

　　　*Judgment reversed. All the Justices concurring.*