## SOUTHERN RAILWAY COMPANY v. CHAMBERS.

1. Malicious injury to the business of another will give a right of action. to the injured party.

2. A licensed drayman had contracts with merchants to haul their freight. from the depot of a railway company to their places of business. The depot agent of the railway company at the place in which the drayman. was licensed to do business, knowing of the existence of such contracts,. willfully and maliciously refused to deliver to· the drayman goods of' such merchants, notwithstanding orders oral and written to that effect. were communicated to the agent. As a consequence of this wrongful conduct of the agent the drayman was damaged in his business, and his. business practically destroyed. *Held*, that the railway cómpany was. liable for such damages to the business of the drayman as flowed from the wrongful conduct of its agent.

3. A ·corporation is not liable for the malicious acts of an agent unless: such acts were expressly authorized by the corporation, or were within. the scope of the duties of the agency, or were in themselves a violation. of the duty owed by the corporation to the party injured, or such acts. were ratified by the corporation.

4. A railway company is liable to one who goes to a depot of the company to deal with the depot agent as to matters connected with the business of the company, who while in the course of the transaction is insulted and humiliated by the language and conduct of the agent. Aliter if the insult results from the conduct of the agent at a place other than that to which the public is invited by the establishment of the agency,. and such conduct is neither authorized nor ratified by the company.

5. When a petition contains two or more counts and each sets forth a separate and distinct cause of action, the plaintiff will not be required to elect upon which count he will proceed.

6. When there is no evidence as to the worldly circumstances of the parties, it is erroneous in any case to charge upon the subject. Where there are two counts in a petition, and an instruction on worldly circumstances of the parties is appropriate as to one, and not appropriate as to the other, the instructions of the judge should be such as to inform the jury that the worldly circumstances are to be considered as to· one, and not as to the other.

Argued January 25,—Decided August 17, 1906.

Action for damages.   Before Judge Hodnett.   City court of Carrollton.   June 5, 1905.

Chambers sued the Southern Railway Company for damages.. Objection was made to the petition as originally filed, upon the ground that it set forth two separate and distinct causes of action,. and that each was not set forth in a separate count.   This defect .was remedied by an amendment, and the petition as amended con-

tained two counts. The first count alleged: that plaintiff was a licensed drayman of the town of Villa Rica, and had purchased the necessary outfit for that business; that the most profitable part of his business consisted of hauling the freight of merchants shipped over the line of the defendant; that he had contracts with a majority of the merchants to haul their freight from the depot to their places of business; that the defendant, through its depot agent at Villa Rica, refused to deliver him freight to be hauled to the merchants, although such agent knew he was authorized to receive and haul such goods, petitioner presenting written and verbal orders for the same; that "defendant's agent, G. A. Scarborough, would go around to petitioner's customers and beg and persuade them to allow other parties than petitioner to receive and haul said goods, to the injury and damage of your petitioner; . . that the conduct on the part of the defendant was willful. malicious, and done for the sole purpose of injuring and damaging your petitioner, and did injure him and damage him" in a sum stated; and that the conduct on the part of the defendant had destroyed the business of the plaintiff. The second count alleged, that on a named day the agent of the defendant, while acting in the discharge of his duty as such agent, and being at the time in the depot of the defendant, in the presence and hearing of certain named citizens, used to and of the plaintiff certain "abusive and malicious words," which are set forth in the petition, for the sole purpose of injuring and harrassing him, and did cause him great mental pain and suffering; and that on another occasion at the store of a merchant, such agent, while in the discharge of his duty as agent, used of and concerning petitioner certain other language which in effect charged petitioner with a crime punishable by law. The defendant filed a demurrer, in which it was alleged that no cause of action was set out, and that the petition was defective for the reason that the acts of the agent were entirely outside of the scope and province of his duties, and without sanction or authority of the defendant. The demurrer was overruled, and the defendant excepted pendente lite. The trial resulted in a verdict for the plaintiff. The defendant's motion for a new trial was overruled. The bill of exceptions assigns error upon the exceptions pendente lite, and the judgment overruling the motion for a new trial.

*Hugh M. Dorsey, Cole & McPherson,* and *Arthur Heyman,* for plaintiff in error.  *J. O. Newell* and *Beall & Adamson,* contra.

COBB, P. J.  (After stating the foregoing facts.)

1-3. When the first count in the petition is taken in its entirety it is manifest that it was the intention of the pleader to lay a cause of action for damages flowing from the destruction of the business of the plaintiff by the wrongful conduct of the defendant as alleged in the petition.  The refusal to deliver freight to the plaintiff, notwithstanding he was clothed with authority from the consignees to receive it, is not alleged for the purpose of recovering damages, that might result from the refusal to deliver in any particular case; but this constant and continuous refusal is alleged for the purpose of showing the effect upon the plaintiff's business as drayman.  The count alleged that the plaintiff's business was entirely destroyed.  This resulted from two causes: first, the refusal of the agent to deliver freight which the plaintiff was authorized by the consignees to receive; and second, the conduct of the agent in going to the merchants of Villa Rica and persuading them to discontinue their contracts with the plaintiff.  It is alleged that this was done maliciously.  In other words, the count when taken in its full effect charges that the business of the plaintiff was maliciously destroyed by the wrongful conduct of the defendant.  Malicious injury to the business of another has long been held to give a right of action to the injured party.  Barr *v.* Essex Trade Council, 53 N. J. Eq. 115.  See also, in this connection, Lumley *v.* Gye, 2 El. & Bl. Q. B. 217; Ryan *v.* Burger & Hower Brewing Co., 13 N. Y. S. 660; Bernard Delz *v.* Winfree, etc., 80 Texas, 400; Jackson *v.* Stanfield, 137 Ind. 592; Lucke *v.* Clothing Cutters and Trimmers Asso., 19 L. R. A., 408.  Our code declares, "When the law requires one to do an act for the benefit of another, or forbear the doing of that which may injure another, though no action be given in express terms, upon the accrual of damage the party may recover."  Civil Code, § 3809.  The petition alleged that the plaintiff had contracts with the merchants of Villa Rica to deliver their freight for them, and that the defendant through its agent maliciously procured the merchants not only to abandon their contracts but to violate them while they continued.  It has been held that the malicious procurement of a breach of a contract of employment, resulting in damages, where the procurement is during the

subsistence of the contract, is an actionable wrong. *Employing Printers Club* v. *Blosser Co., 122 Ga.* 509.    If this suit had been against Scarborough in his individual capacity, there would be little question about the fact that a cause of action was set forth, not only as regards the refusal to deliver freight, but also as regards his conduct in persuading the merchants of Villa Rica to abandon their contracts with the plaintiff.    But is the railway company responsible for the conduct of Scarborough?    Is the malice of Scarborough the malice of the company?    It is not alleged that the railway company expressly authorized that to be done which is charged against Scarborough.    It appointed Scarborough its agent.    It placed him in a position where it was his duty to deliver freight to consignees or their authorized agents.    Those things which were done in connection with this duty were within the scope of his agency.    The railway company would be responsible for the wrongful conduct of Scarborough in dealing with the consignees or their authorized agents, in delivering freight to them. If he refused to deliver freight when he ought to have delivered it, his act was the act of the railway company.    If he maliciously refused to deliver, and the consequence of this malice was damage to him who had a right to receive, the malice of Scarborough became the malice of the railway company.    So far as the cause of action rests upon the malicious act of Scarborough in refusing to deliver freight to the plaintiff upon orders verbal and written from the consignees, the action is well laid.    But was the action well laid so far as it relates to the conduct of Scarborough in going to the merchants of Villa Rica and procuring them to abandon their contracts with the plaintiff?    It is alleged that he is the agent of the railway company.    It is alleged that as such he went to the merchants of the town of Villa Rica, and interfered with the plaintiff's business by begging and persuading his customers to allow other parties to haul their goods which came over the line of road represented by him.    What he did in this respect was his individual act.    It was beyond the scope and authority of his agency, and the company would not be responsible unless it appeared that it was done by its direction and authority, or that it ratified his acts in reference thereto.    If the plaintiff seeks to hold the company responsible for the acts of the agent under such circumstances, it must distinctly appear from his petition that the

company authorized the acts, or that they were within the scope of his employment, or, if beyond the scope of his employment, they were approved and ratified by the company after a full knowledge of his conduct. So far as that portion of the first count relates to the conduct of the agent in persuading the merchants to discontinue business with the plaintiff, nothing appears in the petition bringing the case within this rule. The count was to this extent defective.

4. A corporation is not liable for damages resulting from speaking false, malicious, and defamatory words by one of its agents, even where in uttering such words the speaker was acting for the benefit of the corporation, and within the scope of his agency, unless it affirmatively appears that the agent was directed or authorized by the corporation to speak the words in question. *Behre* v. *National Cash Register Co.*, 100 *Ga.* 213. See also *Ozborn* v. *Woolworth*, 106 *Ga.* 460. If the second count of the declaration be construed as an action for slander, it set forth no cause of action. While certain portions of the count might be so construed, when the count is taken as a whole it is apparent that damages were also claimed as resulting from an insult to the plaintiff, growing out of the abusive and defamatory language used to him while he was engaged in conversation with the agent of the defendant, in a matter relating to the business of the company. The code declares that a railway company is liable for any damage done by any person in its employment or service, unless the agents of the company have exercised all reasonable care and diligence. Civil Code, § 2321. This section has been construed to create a cause action in favor of a widow whose husband was slain by a depot agent while as a customer he was lawfully at the depot on business pertaining to the agency. *Christian* v. *Ry. Co.*, 79 *Ga.* 460; *Col. Railway Co.* v. *Christian*, 97 *Ga.* 56. It has also been held that a railway company was liable for an assault and battery committed by an agent upon a person who was at the depot of the company transacting business with the agent in connection with the agency. *Ga. R. Co.* v. *Richmond*, 98 *Ga.* 495. It has also been held that a railway company was liable to a passenger for damages resulting from the conduct of the conductor in using to the passenger opprobrious words and abusive language tending to cause a breach of the peace and humiliate the passenger and subject him to mortification.

*Cole* v. *Ry. Co.,* 102 *Ga.* 474. That portion of the second count which alleges that the agent of the railway company at the depot used to the plaintiff abusive and insulting language, when the plaintiff was upon the premises of the defendant, in conversation with the agent upon business connected with his agency, set forth a cause of action against the company. In the case where the railroad was held liable for the homicide committed by the agent, the agent was at his place of business. In the case where the railroad company was held liable for an assault, the assault was committed upon the premises of the company at the place where it had placed its agent upon duty. In the case where the railroad company was held liable for the insult by the conductor, the insult was upon the train where the company had placed the conductor upon duty. None of the cases, so far as our attention has been called to them, has gone to the extent of holding that the company would be liable for the tort of the agent at other places than where the agent was placed by the company for the discharge of the duties of his agency. If the agent insulted the plaintiff upon the streets of Villa Rica, or at any place of business of the merchants or others of the town of Villa Rica, the act would be the individual act of the agent, and the company would not be liable for such insult, even though at the time of the insult the agent was transacting the business of the company. When one goes to the agency of a corporation, the corporation owes him a duty to protect him from the wrongful acts of the agent in charge of the agency. But when one who is an agent of the corporation commits a tort at places other than the place of agency, the company is not liable for the tort, unless it appears that it authorized the act or ratified it after its commission.

The first ground of the demurrer simply alleged that the petition set forth no cause of action. The second ground related to the matter of paragraphing and the division of the petition into counts, which, as has been said, was cured by amendment. The only remaining ground of the demurrer was in the following language: "Defendant prays that the petition of plaintiff be dismissed, because it affirmatively appears that if the acts attributed to the agent were by him committed, they were entirely outside the scope and province of the duties for which he was employed, and entirely without the sanction or authority of the defendant. Wherefore

defendant prays that said case be dismissed." If this ground of the demurrer can be properly construed to be a special demurrer objecting to certain specific paragraphs in the petition, it should have been sustained; for, as has been shown, there was in the first count a paragraph which should have been stricken, and also in the second count, which really embraced two causes of action, a cause of action which should have been stricken. But this ground of the demurrer can not be properly construed as a special demurrer. It attacked the whole petition. It pointed to no particular part of it. It covered the whole pleading. It was simply an amplification of the general demurrer. As against a general demurrer the petition in both counts set forth a cause of action, and the judgment overruling the demurrer will not be reversed.

5. There was no error in refusing to require the plaintiff to elect upon which count he would proceed. The law allows a plaintiff to embrace in one petition as many causes of action as he sees proper, provided that they are all of the same character, that is, all sound in tort or all sound in contract. He may proceed upon the petition with all the counts and recover upon one or all, as the law and facts may authorize.

6. The judge charged the jury: "The worldly circumstances of the parties, the amount of bad faith in the transaction, and all the attendant facts should be weighed." This charge was assigned as error for the reason that there was no evidence to authorize it. We find no evidence to authorize an instruction upon the subject of the worldly circumstances of the parties. The charge was erroneous, and prejudicial to the defendant, and requires the granting of a new trial. *Ga. Ry. & Elec. Co.* v. *Baker,* 125 *Ga.* 562. If upon another trial there should be evidence as to the worldly circumstances of the parties, the charge would be appropriate so far as the cause of action in the second count is concerned; for that count seeks to recover damages for wounded feelings and humiliation only. The judge should, however, distinctly instruct the jury that the worldly circumstances of the parties are to be considered only in reference to the cause of action set forth in the second count, and should not be considered in reference to the cause of action set forth in the first count.

The evidence as to the conduct of the agent of the defendant, when acting as agent for the express company in reference to pack-

ages which the plaintiff had authority to receive, was irrelevant, and should not have been admitted. The case involved the acts of the defendant as agent of the railway.company, and therefore evidence as to his conduct in reference to a package of freight, when it did not distinctly appear from the testimony whether it was in his custody as agent of the railway company or as agent of the express company, should have been excluded. Except as above indicated, no material error seems to have been committed in any of the instructions complained of in the motion for a new trial.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*