3523.   CLEMENTS v. UNION SAVINGS BANK.

HILL, C. J.   The evidence demanded the verdict as directed for the plaintiff.                                                                 *Judgment affirmed.*
                              DECIDED JANUARY 15, 1912.

Complaint; from city court of Swainsboro—Judge H. R. Daniel.
April 24, 1911.

*Williams & Bradley,* for plaintiff in error.

_____

3524.   NUNEZ GIN & WAREHOUSE CO. v. MOORE.

RUSSELL, J.   Where a gin and warehouse company holds out a person as
its general manager, the title implies power to make any contracts ordi-
narily necessary for the conduct of its business.   Authority to execute
a promissory note for the purchase of an engine and boiler, and to bind
the corporation for its payment, would be presumed to be within the
scope of the general manager's authority.   But neither the general
manager nor any other officer of a corporation has power or authority
to purchase its capital stock and bind the corporation for the payment
therefor, by promissory note or otherwise.   Parol evidence is always
admissible to show the consideration of a note; and consequently the
court erred in striking the plea of the defendant, and in excluding testi-
mony offered by it tending to show that the note in the present case
was given to pay for $250 of the amount of stock subscribed by the
defendant; and especially as the payment, if made, would result in the
purchase of that amount of stock by the corporation itself, or the re-
duction of the capital stock in that amount.          *Judgment reversed.*
                              DECIDED JANUARY 15, 1912.

Complaint; from city court of Swainsboro—Judge H. R. Daniel.
May 23, 1911.

*T. N. Brown,* for plaintiff in error.
*Smith & Kirkland,* contra.