### 6090. WARE & HARPER *v.* ATLANTA COFFEE MILLS CO.

The suit was for the recovery of commissions. It was based on a written contract, by the terms of which ostensibly a corporation agreed to pay a firm of brokers as its agents a commission of ten per cent. for services in selling its plant (fixtures and equipment) or a half interest therein, and in which it was further agreed that "if this property" should be sold by any one in sixty days, the brokers were to receive their commissions. Since there was no evidence in support of the plaintiffs' case, the verdict for the defendant, which was directed by the trial judge, was demanded.

DECIDED SEPTEMBER 3, 1915.

Complaint; from city court of Atlanta—Judge H. M. Reid. October 15, 1914.

*Moore & Pomeroy, W. P. Coles,* for plaintiffs.

*W. S. Dillon,* for defendant.

RUSSELL, C. J. The headnote states the substance of the contract. The evidence showed, without dispute, that, within sixty days from the date of the contract, certain stockholders in the Atlanta Coffee Mills Company, which was a corporation, sold their stock to George E. Morgan for $5,500. There was no sale by the corporation of any of its property to any one. Morgan purchased

from individual owners of the stock-certificates eighty of their shares in the capital stock of the corporation, paying therefor $5,500. It is true that there was an agreement that the money was to be used in the business of the corporation, and it is very probably true that these stockholders of the corporation also incidentally received a benefit in the enhancement of the value of their remaining stock, but the property described in the contract with the plaintiffs was not sold, and for this reason the court did not err in directing a verdict for the defendant. The judgment was correct upon another ground. Even if the sale of stock of certain individuals who owned stock in the corporation had been included in the contract upon which the action was based, the plaintiffs failed to show, as they must have done to entitle them to recover, that the manager of the corporation had been duly authorized by the corporation to make a sale of its entire property and thus terminate its existence, or, for that matter, that he was authorized to sell any proportionate part of its physical property, for the contract upon which the suit is based was signed only by the general manager. In *Nunez Gin & Warehouse Co.* v. *Moore,* 10 *Ga. App.* 350 (73 S. E. 432), it was held that, without express authority, "neither a general manager nor any other officer of a corporation has power or authority to purchase its capital stock and bind the corporation for the payment therefor." The same rule would apply to the converse of the proposition. Without express authority, the general manager of a corporation has not the authority in behalf of the corporation to sell shares of its capital stock, if it could be supposed that the corporation itself in fact owned any shares.

*Judgment affirmed.*