26685. SIMMONS *v.* BEATTY.

DECIDED FEBRUARY 17, 1938.

*Barry Wright, Maddox, Matthews & Owens,* for plaintiff in error.

*Wright & Covington,* contra.

SUTTON, J. Lola Beatty, by next friend, filed suit against R. O. Simmons Jr. and Mrs. R. O. Simmons to recover for damages alleged to have been sustained by reason of the negligent operation of an automobile by one Walter Trammell. Subsequently the name of Mrs. Simmons was stricken as a defendant. The petition alleged that on February 13, 1937, the defendant drove his automobile to a filling-station operated by one Paul Jones in the City of Rome, Georgia, and there left it to be washed; that about 2:30 o'clock p. m. of the same day the defendant requested Jones to send the car to him, in pursuance of which, and at the direction of Jones, Walter Trammell undertook to deliver the automobile to the defendant, and that "by reason of said facts" Trammell was the agent of Simmons; that Trammell so negligently drove the automobile, as detailed in the petition, that he injured in certain described particulars the plaintiff, who was riding in another auto-

mobile as the guest of the driver thereof. The defendant filed general and special demurrers, the grounds of which were that no cause of action was set forth against the defendant, that the allegations of the petition affirmatively showed that at the time of the collision of the two automobiles Trammell was not the agent or employee of the defendant but was the agent and employee of Jones, an independent contractor who was liable for the negligence of Trammell, and that the averment of the petition that Trammell was the agent of the defendant was a mere conclusion of the pleader without sufficient facts to support the same. Before the court passed on the demurrers, the plaintiff offered an amendment, which was allowed subject to objections, and in which the allegations as to the authority under which Trammell acted were stricken, and in which it was alleged instead that on February 13, 1937, the defendant drove the automobile of his mother to the filling-station of Jones and inquired as to the whereabouts of Trammell, and, being informed, stated that he would "pick up" Trammell and send the car back by him for washing by him, and that after locating Trammell and driving home the defendant left the automobile, turned it over to Trammell, who thereupon drove it back to the filling-station of Jones; that about 2:30 o'clock p. m. of the same day Simmons requested Trammell to bring the car to the defendant's home and that he undertook so to do; that it was the custom of the defendant to request Trammell to make such deliveries of the automobile, and also the defendant's custom to pay him for such services at the time of delivery of the automobile. The amendment changed one paragraph of the petition so as to make the petition allege that the defendant, "through his agent, Walter Trammell, was negligent in that" (the particular acts of negligence described in the petition). The defendant objected to the allowance of the amendment on the grounds that the original petition stated no cause of action against him, and that it affirmatively showed that Trammell was, at the time of the collision, acting as the agent and employee of Jones, an independent contractor, and that the amendment sought to eliminate the averments in that respect and to substitute in lieu thereon averments claiming that he was the agent of the defendant, thereby completely changing the cause of action and substituting an entirely new cause of action. The court overruled the objections and allowed the amendment,

after which it overruled the demurrers to the original petition and demurrers to the petition as amended. The defendant excepted.

The provision of the law on which the plaintiff in error relies is to be found in Code, § 81-1303: "No amendment adding a new and distinct cause of action or new and distinct parties shall be allowed unless expressly provided for by law." The defendant in error contends that the amendment in question was authorized by the provisions of Code, § 81-1302: "A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, shall be enough to amend by. The jurisdiction of the court may be shown and the details and circumstances of the particular transaction may be amplified and varied by amendment. If the declaration shall omit to allege facts essential to raise the duty or obligation involved in the cause of action *which was evidently originally intended to be declared upon,* the omitted facts may be supplied by amendment." (Italics ours.) The provisions of law quoted immediately above first appeared in the Code as § 5098 of the Code of 1895, and were codified, following the learned and elaborate opinion of Chief Justice Bleckley in *Ellison* v. *Georgia Railroad Co.,* 87 *Ga.* 691 (13 S. E. 809), to give definite meaning to the expression, "enough to amend by," which appeared in § 3410 of the Code of 1863 and is now in § 81-1301. The *Ellison* case and *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (48 S. E. 318), are so thorough and illuminating on the old question of amendment that additional research is now unnecessary. In the *Ellison* case it was held in the sixth headnote: "Enough to amend by in matter of substance, in aid of an incomplete cause of action, is the least amount of substance in a declaration which will serve to show that, according to the original design of the pleader, what is offered to be added rightly belongs to the cause of action which he meant to assert, and that the addition proposed would make the cause of action complete. There must be a plaintiff, a defendant, jurisdiction of the court, and facts enough to indicate and identify *some particular cause of action as the one intended to be declared upon,* so as to enable the court to determine whether the facts proposed to be introduced by the amendment *are part and parcel of the same cause.* Any amendment whatever which, if allowed, would leave the cause of action incomplete should be rejected." (Italics ours.)

In *City of Columbus* v. *Anglin,* supra, it was held in the fifth headnote: "No new and distinct cause of action is added to a petition by an amendment which contains additional matter *descriptive of the same wrong pleaded in the original petition, and which does not plead any other or different wrong.*" "Relatively to the law of pleading, a cause of action is some particular legal duty of the defendant to the plaintiff, together with some definite breach of that duty which occasions loss or damage." *Ellison* v. *Georgia Railroad Co.,* supra. "So long as a plaintiff pleads but one wrong, he does not set up more than one cause of action. Courts will look to the allegations both as to the primary right of the plaintiff and the corresponding primary duty of the defendant, and as to the violation or breach thereof, in order to determine whether it is the intention to plead but a single wrong only, or more than one. A single wrong may, however, be composed of numerous elements and shown by various facts. Facts, alone or in conjunction with purely substantive law, do not give a right of action, but are alleged in order to show a wrong which has called into operation the remedial law which gives the right of action. The facts are merely the means, and not the end. They do not constitute the cause of action, but they show its existence by making the wrong appear. 'The *thing,* therefore, which in contemplation of law as its *cause,* becomes a ground for action, is *not* the group of *facts* alleged in a declaration, bill, or indictment, *but the result of these in a legal wrong, the existence of which, if true, they conclusively evince.*' Sibley, Right to and Cause for Action, 48. Different facts may be alleged, separately or cumulatively, to show the same wrong, and the number and variety of the facts alleged will not make more than one cause of action, so long as but one wrong is shown. A single wrong will not be made plural by alleging that it is made up of a number of constituent parts. . . A number of tests have been suggested for determining whether an amendment adds a new cause of action. One general test is said to be, 'whether the proposed amendment is a different matter, another subject of controversy, or the same matter more fully or differently laid to meet the possible scope and varying phases of the testimony.' 1 Encl. Pl. & Pr. 564. Other tests, some of them admittedly fallible, have been suggested in different cases, as (1) whether the original petition and the amendment would be subject

to the same plea (Goddard *v.* Perkins, 9 N. H. 488) ; (2) whether the same evidence would support both (Scovill *v.* Glasner, 79 Mo. 449) ; (3) whether the same measure of damages is applicable to both (Hurst *v.* Railway, 84 Mich. 539 [48 N. W. 44] ) ; (4) whether both could have been pleaded cumulatively in the same count (Richardson *v.* Fenner, 10 La. Ann. 600) ; (5) whether an adjudication upon one would bar a suit under the other (Davis *v.* Railroad Co., 110 N. Y. 646 [17 N. E. 733] ). Of these the last mentioned is probably the best and most useful, though even it comes back at last to the question whether the cause of action is the same." *City of Columbus* v. *Anglin,* supra, p. 791.

Of course, it is fundamental that the proposed amendment must be germane to and not inconsistent with the original cause of action. Now, to test the amendment in the present case : Does it supply facts which evince the wrong which was evidently originally intended to be declared upon as against the defendant Simmons? Does what is offered in the amendment "rightly belong to the cause of action" which the original petition asserted perfectly or imperfectly ? Is it germane to and not inconsistent therewith ? Is it "part and parcel of the same cause ?" Is it "descriptive of the same wrong pleaded in the original petition" and "does not plead any other or different wrong ?"

For the reasons set forth below the answer to each of the foregoing test questions must be in the negative, and consequently it must be said that the amendment was not one that was properly allowable. Relying on the proposition that facts stated may be amplified or varied in aid of a cause of action imperfectly stated, the defendant in error contends that in the original petition it was alleged that Walter Trammell was the agent of Simmons, and that, because, upon further investigation it developed that the facts offered in support of such a declaration of agency were found to be inaccurate, it became necessary to strike the original allegations of facts and by amendment to plead such facts as would in truth show the agency insisted on. We can not concur in the contention that a general allegation of agency was set out in the original petition. On the contrary the pleader does not set up the ultimate fact of agency and then illustrate it by allegations of specific facts, but sets out certain antecedent facts from which he deduces that the relationship arises. After detail-

ing these facts which clearly show, as is apparently now conceded by counsel for the defendant in error, that Trammell was the agent of Paul Jones, the filling-station operator, the averment is then made that "by reason of said facts" Trammell was the agent of Simmons. Thus it appears that the only insistence of agency in the original petition is predicated on the facts alleged therein, and such facts disproving that Trammell was the agent of Simmons the bare conclusion of the pleader, a non sequitur, necessarily falls. But it is contended by counsel for the defendant in error that by the amendment the original wrong is merely amplified, not changed, and that the defendant is connected therewith. The wrong of being struck by an automobile, the invasion of the right of the plaintiff to be free from injury, is unchanged, it is true; but a cause of action comprehends not only the invasion of a legal right but must set out the person who is the offender. The only person shown by the original petition to have been the offender was Paul Jones, by and through the acts of *his* agent, Walter Trammell. As respects him, the petition might have been amended with allegations germane to and not inconsistent with those of the original petition. But obviously an amendment seeking to establish liability against Simmons would not "rightly belong to a cause of action" which the original petition asserts against Jones notwithstanding an attempt was made to bind Simmons; it would not be germane to and consistent with the original petition, not "part and parcel of the same cause," not descriptive of the wrong pleaded against Paul Jones.

Furthermore, when we apply the test suggested by Chief Justice Simmons in the *Anglin* case, supra, that is, whether an adjudication upon a petition containing allegations showing Trammell to be the agent of Jones would bar a suit on a petition containing allegations showing Trammell to be the agent of Simmons, we reach the same result. In the first instance, an adjudication that no recovery could be had against Simmons under the facts alleged, would not bar the plaintiff from again coming into court on a petition which alleges facts showing that Trammell was the agent of Simmons, that he turned the automobile over to Trammell to drive to the filling-station, that he requested him to bring it back to him, that it was his custom to use Trammell in such capacity and to pay him for his services, that, acting for him, Trammell so

negligently drove the automobile that he injured the plaintiff in certain described particulars. The two causes of action are different. The same collision is shown in each instance, but the facts otherwise are such as to make the wrong appear against one person in the one case and against an entirely different person in the other case. A judgment by a court of competent jurisdiction is conclusive between the parties on any issue of fact raised by the pleadings or which under the pleadings might have been raised. But the original petition here did not raise any issue of agency as to Simmons, and under the pleadings no such issue could have been properly raised by a germane and consistent amendment. Consequently, another suit setting out facts like those in the proffered amendment and raising an issue of agency as to Simmons would not be barred under the principle of res judicata, but would be an entirely new cause of action. Thus, under the test announced by Justice Simmons in the *Anglin* case, supra, the amendment in the present case must be said to have been improper.

We think that what is said above fully accords with the principles of law laid down in the *Ellison* and *Anglin* cases, supra, and that further citations are unnecessary. We might, however, conclude this opinion with a quotation from *Davis* v. *Muscogee Manufacturing Co.,* 106 *Ga.* 126 (32 S. E. 30): "The omission in the original petition in the present case was not due to a failure to allege some essential fact which was necessary to a cause of action imperfectly set forth therein, but was an omission to allege in any way whatever a state of facts which would constitute a cause of action against the defendant. We can not hold that it was the intention of this court in *Ellison's* case to carry the law of amendment to such an extent. An imperfect cause of action may be made perfect by a suitable amendment." But, as added by Justice Cobb, in writing the opinion in that case, where there is "no cause of action whatever," by which we understand is meant the absence of even an imperfect cause of action, the petition can not be converted by an amendment into a cause of action. The court erred in allowing the amendment and in overruling the demurrers to the original petition.

We have carefully considered all the cases cited by the defendant in error, but none requires a ruling different from that here made. The *Anglin* and *Ellison* cases have been referred to in the preced-

ing portion of this opinion. *Rowland Co.* v. *Kell Co., 27 Ga. App.* 107 (107 S. E. 602), *Johnson Lumber Co.* v. *Akers Lumber Co., 48 Ga. App.* 329 (172 S. E. 667), *Gray* v. *Harrison, 49 Ga. App.* 472 (176 S. E. 412), and *Moore* v. *Bryan, 52 Ga. App.* 272 (183 S. E. 117), all deal with petitions which contained enough substance to amend by and the amendments were properly allowable. Counsel for the defendant in error quotes from *New York Life Ins. Co.* v. *Bradford, 55 Ga. App.* 248, 256 (189 S. E. 914), which subject-matter was a quotation from *City of Columbus* v. *Anglin,* supra: "Facts, alone or in conjunction with purely substantive law, do not give a right of action, but are alleged in order to show a wrong which has called into operation the remedial law which gives the right of action. The facts are merely the means, and not the end. They do not constitute the cause of action, but they show its existence by making the wrong appear. 'The *thing,* therefore, which in contemplation of law as its *cause,* becomes a ground for action, is *not* the group of *facts* alleged in a declaration, bill, or indictment, *but the result of these in a legal wrong, the existence of which, if true, they conclusively evince.'* Sibley, Right to and Cause for Action, 48. Different facts may be alleged, separately or cumulatively, to show the same wrong, and the number and variety of the facts alleged will not make more than one cause of action, so long as but one wrong is shown. A single wrong will not be made plural by alleging that it is made up of a number of constituent parts." The quoted excellent statement has already been shown in the foregoing part of the present opinion, and is set forth again in order to show that its citation by counsel for the defendant in error does not call for any ruling different from that we have made. From this quotation it will be seen that facts do not constitute a cause of action. They merely make the wrong, if any, appear. Certainly the recital of facts in the original petition did not make any wrong appear against the defendant, and, as we have shown, did not make "enough to amend by." No wrong being shown by any quantum of substance, what is stated in the quoted excerpt as to evincing by different facts the "same wrong" can have no application here.

*Judgment reversed. Felton, J., concurs. Stephens, P. J., dissents.*