27672. SCHWARTZ *v.* NUNNALLY COMPANY *et al.*

DECIDED SEPTEMBER 22, 1939. REHEARING DENIED OCTOBER 27, 1939.

*William G. McRae,* for plaintiff.
*Crenshaw, Hansell & Gunby, R. M. Striplin,* for defendants.

FELTON, J. Sol Schwartz sued the Nunnally Company and others, for damages arising from an alleged unjustifiable assault committed upon him by an employee of the company. The facts developed by the evidence of the plaintiff are substantially as follows: Schwartz visited the Nunnally store on July 28, 1937, in company with a young lady. They had lunch in the store, and when they finished he was presented with a check for $1.05. After finishing lunch they were proceeding to leave the store, and the young lady with him met some acquaintances and stopped to talk to them; and he walked on to pay his check. He placed the check and two one-dollar bills on the counter, and stood in a little space between two counters. There were two ladies behind the counter, and Mr. Arapian was between the two ladies, doing all the work himself. Arapian picked up the check and the bills while Schwartz stood waiting for his change. His companion finished her conversation with her friends, and came to him; he had a conversation with her, and they locked arms and walked out of the store. As he walked up the street, and was several blocks from

the store, he recalled that he had not got his change. He went back to the Nunnally store and asked where was the man who had received the money from him for the check. Arapian was pointed out, and he waited until Arapian finished a telephone conversation; then he told Arapian that he had been in the store a few minutes before, and had neglected to get some change that was due him. Arapian agreed with him, and walked over to the cashier's counter and showed him the papers he had, stating that he had made a record of it. Arapian told him that he tried to catch him as he was going out; he replied that he had barely started out, and that if Arapian had been more alert the occurrence would not have happened. At the mention of the word "alert" Arapian jerked his head back and replied that if Schwartz felt that way about it he was just a damn fool. He replied that that was no way to talk in a place of business, but that the street was the place to act like that, and requested his money. At that remark Arapian snatched off his glasses and threw them on the counter, and said that he was willing to fight, and tried to push Schwartz out of the passageway between the counters. Arapian was very nervous, and continued to argue all the time that he was making out the record of the transaction. Arapian insisted on going outside, but Schwartz refused. When he got his money from Arapian he started from the store, and as he got out, he heard some of the ladies in the store call out to Arapian, "Don't do it." He turned to see what Arapian was going to do; he walked on to the curb, and Arapian got around in front of him, shouting that what he said he meant. The fight started then, and the men in the soda department of the Nunnally Company attacked him. After the fight was stopped by peacemakers he was attacked from behind by the son of Arapian; he went on up the street to avoid further trouble, and went directly to a doctor.

M. Leff, testified for the plaintiff, that he was in the store when the trouble took place; that Arapian became very excited when Schwartz told him that he should be more alert; that Arapian wanted to fight, and Schwartz did not want to fight; that Arapian followed Schwartz outside, and hit him while Schwartz had his back turned and was making no effort to hit Arapian; that one of the soda men was holding Schwartz when Arapian hit him once; and that Leff saw young Arapian hit Schwartz when he was proceeding up the street.

A nonsuit was granted to the Nunnally Company, and the plaintiff excepted. The granting of a nonsuit was error. The evidence showed that the employee laid his hands upon the plaintiff before the change was given to him and while he was still in the store of the defendant. This was sufficient for a prima facie case, and to shift the burden of proceeding with the evidence to the defendant company. The evidence with reference to the assault outside of the store of the company made a question for the jury as to whether the assault was so closely connected with the authorized transaction of the company's business as to render the company liable for the wilful acts of its servants. While the company might not be under a duty to exercise ordinary care in seeing that its customers left the store in safety in so far as dangers were concerned which were wholly disconnected from the conduct of its business and which it could not foresee, it was a question for the jury as to whether the company owed the plaintiff the duty to exercise ordinary care in seeing that he left the premises in safety in so far as any transaction was concerned for which he was invited into the store or which arose out of a transaction for which he was invited. If the assault arose out of the business which the employee was authorized to transact and was so closely connected thereto as to form a part thereof, the company would be liable. If the assault did not so arise and was so remote as to be an act of the employee alone, the master would not be liable. Under the facts of this case the issues should have been submitted to a jury. *Seaboard Air-Line Ry. Co.* v. *Arrant,* 17 *Ga. App.* 489 (87 S. E. 714); *Hooks* v. *Sanford,* 29 *Ga. App.* 640 (116 S. E. 221); *High Co.* v. *Holler,* 42 *Ga. App.* 657 (157 S. E. 209); *Friedman* v. *Martin,* 43 *Ga. App.* 677 (160 S. E. 126); *Great Atlantic & Pacific Tea Co.* v. *Dowling,* 43 *Ga. App.* 549 (159 S. E. 609); *Personal Finance Co.* v. *Whiting,* 48 *Ga. App.* 154 (172 S. E. 111); *Gomez* v. *Great Atlantic & Pacific Tea Co.,* 48 *Ga. App.* 398 (172 S. E. 750); *Thompson* v. *Wright,* 109 *Ga.* 466, 469 (34 S. E. 560); *Central of Georgia Ry. Co.* v. *Brown,* 113 *Ga.* 414 (38 S. E. 989, 84 Am. St. R. 250). It was error to grant a nonsuit as to the Nunnally Company.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*