## 32579.   COLONIAL STORES INC. *v.* SASSER.

Decided July 11, 1949.

*Fulcher & Fulcher*, for plaintiff in error.

*W. D. Lanier*, contra.

Townsend, J. (After stating the foregoing facts.) The petition in the instant case does not seek, as contended by counsel for the defendant, to set forth a cause of action based upon the utterance of false and defamatory words by the agent of a corporation. The only words alleged to have been spoken by the

employee of the defendant after he had followed the plaintiff to the street in front of the store were in the form of a question as to what it was she put in her pocket in the store. We doubt that this question, by itself, would have been a sufficient allegation of tortious misconduct to sustain the action, and the plaintiff's further allegation that the defendant intended to convey and did convey the meaning that the plaintiff was a thief would, without more, have been in the nature of a conclusion.

However, it is further alleged that the defendant's employee laid hands on the plaintiff and felt her pockets, in the course of making a search. In this particular the case differs from *Woolf* v. *Colonial Stores*, 76 *Ga. App.* 565 (46 S. E. 2d, 620), wherein the incident not only occurred at some distance from the premises, but there was no allegation of any assault or battery, and the action was based entirely on the spoken words of the defendant's servant. The court there held that the petition showed on its face that it was an action for damages for slander, and cited various paragraphs of the petition to show that it was an action based entirely upon injury to the reputation.

Code § 105-108 provides as follows: "Every person shall be liable for torts committed by his wife, his child, or his servant, by his command or in the prosecution and within the scope of his business, whether the same shall be by negligence or voluntary."

In *McGhee* v. *Kingman & Everett Inc.*, 49 *Ga. App.* 767 (2) (176 S. E. 55), it was held as follows: "In determining the liability of the master for the negligent or wilful acts of a servant, the test of liability is not whether the act was done during the existence of the employment, but whether it was done within the scope of the actual transaction of the master's business for accomplishing the ends of his employment." See also *Frazier* v. *Southern Ry. Co.*, 200 *Ga.* 590 (37 S. E. 2d, 774).

In the instant case, the defendant's employee accosted the plaintiff on Greene Street, immediately outside the defendant's store. The plaintiff, immediately after the incident, re-entered the store and informed the defendant's manager of the facts. She returned a second time that day with her daughter and again sought out the manager, who had undoubtedly, in the meantime, had opportunity to give the matter consideration and to obtain

any further information he might have wanted from his employee. On this second occasion the manager stated that the employee "had been trained to do just that and that he was supposed to watch the customers and he was doing the right thing, however, apparently he had made a mistake." This statement, taken with the other allegations of the petition, is sufficient to establish as against a general demurrer that the servant was in fact acting within the scope of the transaction of his master's business and accomplishing the ends of his employment.

The mere fact that the assault occurred on the outside of the defendant's store rather than on the inside is immaterial, it appearing that the defendant's employee was at the time acting within the scope of his employment. We are aware that frequent attempts are made to draw such a distinction, on the theory that the duty which one who occupies property may owe to an invitee *on the premises* ceases immediately the premises have been left, and this has resulted on occasion in efforts to keep a case in court by alleging that a plaintiff had a hand on the door, or a foot inside the threshold, at the time the assault occurred. We do not believe that the mere physical presence of a part of the plaintiff's person within the building should decide the merits of a case of this nature. Rather, the true test is whether the assault is so related to, and so integrally a part of the transaction of the company's business as to grow logically and inescapably out of it. On the premises or off, a business establishment which invites customers to come in and trade owes to them the duty of not sending its employees out after them to commit unlawful assaults upon them while acting within the scope of employment.

In *Schwartz* v. *Nunnally*, 60 *Ga. App.* 858 (5 S. E. 2d, 91), where an employee became aggrieved at a remark of the plaintiff customer and followed him out to the sidewalk where the assault was committed, the court held: "The evidence with reference to the assault outside of the store made a question for the jury as to whether the assault was so closely connected with the authorized transaction of the company's business as to render the company liable for the wilful acts of its servants. . . It was a question for the jury as to whether the company owed the plaintiff the duty to exercise ordinary care in seeing that he left

the premises in safety insofar as any transaction was concerned for which he was invited into the store or which arose out of a transaction for which he was invited. If the assault arose out of the business which the employee was authorized to transact and was so closely connected thereto as to form a part thereof, the company would be liable. If the assault did not so arise and was so remote as to be an act of the employee alone, the master would not be liable." This decision was followed and cited with favor in *Clark* v. *Americus Hardware*, 77 *Ga. App.* 282 (47 S. E. 2d, 909). In *Taff* v. *Life Insurance Co. of Georgia*, 77 *Ga. App.* 839 (50 S. E. 2d, 154), it was expressly pointed out that the facts differed from the *Schwartz* case in that it was not alleged that the agent was engaged in his master's business.

While it is held by our Supreme Court in *Southern Ry. Co.* v. *Chambers,* 126 *Ga.* 404 (55 S. E. 37, 7 L. R. A. (N. S.) 926), that, "None of the cases, so far as our attention has been called to them, has gone to the extent of holding that the company would be liable for the tort of the agent at other places than where the agent was placed by the company for the discharge of the duties of his agency," here it appears that the agent was following the instructions of his superior officer, the manager of the store, who later informed the plaintiff that the employee "had been trained to do just that and he was doing the right thing." Also, in the *Chambers* case, supra, it is held as follows:

"But when one who is an agent of the corporation commits a tort at places other than the place of agency, the company is not liable for the tort, unless it appears that it authorized the act or ratified it after its commission." Here the allegations of the petition are sufficient to show both that the act was authorized and that it was ratified.

It is further well established that the fact that the misconduct of the defendant's employees contains elements of slander does not relieve the corporation of its duty to protect invitees, although no recovery can prevail for the slander, which may be simultaneously involved. See *Southern Grocery Stores Inc.* v. *Keys,* 70 *Ga. App.* 473 (28 S. E. 2d, 581), and citations; *Colonial Stores Inc.* v. *Coker,* 74 *Ga. App.* 264 (39 S. E. 2d, 429).

■ The petition as amended is not subject to the criticism

of the special demurrers, and the action of the trial court in overruling the general and special demurrers is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*