BAILEY *v.* BELL.

HAWKINS, Justice. Mrs. Fannie Mae Bailey brought her action in Fulton Superior Court against Mrs. Myrtice Bell for specific performance of a contract for the sale of lands, to which the defendant filed her amended answer in which she admitted the execution of the contract sued on, but alleged, among other things, that the one-half interest in the timber, land, and improvements thereon which she had contracted to sell to the plaintiff was of the reasonable market value of $20,240, and that the contract price of $8325 was grossly inadequate, and that because of such inadequacy of price it would be unfair, unjust, and against good conscience to decree a specific performance of the contract. To this answer the plaintiff filed her general demurrer to paragraph 8 and the several subparagraphs thereof, and to the answer as a whole upon the ground that it "shows no defense to the plaintiff's petition." To the judgment overruling this demurrer the plaintiff duly excepted pendente lite. The case proceeded to trial, and resulted in a verdict and judgment for the defendant. No motion for a new trial was filed,

but the case is here on exceptions to the judgment overruling the plaintiff's demurrer to the amended answer, and to the final judgment as being erroneous because of this antecedent ruling on demurrer. *Held:*

1. "Where a contract for the sale of land is in writing—is certain— and fair in all its parts—is for an adequate consideration, and capable of being performed, it is just as much a matter of course for a court of equity to decree a specific performance of it as it is for a court of law to give damages for it in other cases." *Chance* v. *Beall,* 20 *Ga.* 142; *Clark* v. *Cagle,* 141 *Ga.* 703 (82 S. E. 21); *Redmond* v. *Sinclair Refining Co.,* 204 *Ga.* 699 (51 S. E. 2d, 409). And, while "inadequacy of price is no ground for rescission of a contract of sale, unless it is so gross as combined with other circumstances to amount to a fraud" (Code, § 96-105), "mere inadequacy of price, though not sufficient to rescind a contract, may justify a court in refusing to decree a specific performance; so also any other fact showing the contract to be unfair, or unjust, or against good conscience." Code, § 37-805. "Specific performance is not a remedy which either party can demand as a matter of absolute right, and will not in any given case be granted unless strictly equitable and just. Mere inadequacy of price may justify a court in refusing to decree a specific performance of a contract of bargain and sale; so also may any other fact showing the contract to be unfair, or unjust, or against good conscience." *Shropshire* v. *Rainey,* 150 *Ga.* 566 (2) (104 S. E. 414); *Potts* v. *Mathis,* 147 *Ga.* 495 (94 S. E. 767); s. c., 149 *Ga.* 367 (100 S. E. 110); *Huggins* v. *Meriweather,* 177 *Ga.* 461 (170 S. E. 483); *Bullard* v. *Bullard,* 202 *Ga.* 769 (1) (44 S. E. 2d, 770); *Jones* v. *Smith,* 206 *Ga.* 162, 166 (9) (56 S. E. 2d, 462). See also *Coleman* v. *Woodland Hills Co.,* 196 *Ga.* 626 (27 S. E. 2d, 226); *Ogletree* v. *Ingram & LeGrand Lumber Co.,* 207 *Ga.* 333 (61 S. E. 2d, 480).

2. While certain allegations of paragraph 8 of the defendant's answer and the several subparagraphs thereof might have been stricken upon proper demurrer thereto, upon the ground that they referred to oral negotiations and representations preceding or accompanying the execution of the written contract sought to be specifically performed, and were, therefore, merged in or extinguished by such contract, and should be stricken for that reason (*Thompson* v. *Riggs,* 193 *Ga.* 632, 634, 19 S. E. 2d, 299; *Slaten* v. *College Park Cemetery Co.,* 185 *Ga.* 27, 193 S. E. 872)— such was not the demurrer interposed by the plaintiff to the answer in this case, but the demurrers to these paragraphs, as well as to paragraphs 9 and 10 of the answer, were upon the ground that each particular paragraph referred to "shows no defense to the plaintiff's petition" or "shows no defense to the contract sued on," and the prayer of the demurrer was not that the particular allegations demurred to be stricken, but "that said amended plea and answer of the defendant be stricken." The demurrers were, therefore, not special demurrers to particular allegations, but general to the amended answer as a whole; and—since paragraphs 9 and 10 of the amended answer pleaded inadequacy of price as a defense to the petition for specific performance, alleging in substance that the fair market· value of the timber, land, and improvements thereon was $40,480, and that a half interest therein was worth $20,240, and that, therefore, the contract price of $8325 for such one-half interest

was grossly inadequate, and that because of such inadequacy of price it would be unfair, unjust, and against good conscience to decree a specific performance of the contract—these allegations constituted a valid defense to the petition, and the trial court did not err in overruling the demurrer to the answer as a whole. "A general demurrer goes to the whole pleading to which it is addressed, and should be overruled if any part thereof is good in substance. The bad part in pleading does not make the whole bad; the good part makes the whole good enough to withstand a general demurrer." *Blaylock* v. *Hackel,* 164 *Ga.* 257, 258 (5) (138 S. E. 333). See also *Jordan* v. *Harber,* 172 *Ga.* 139, 156 (157 S. E. 652); *Higginbotham* v. *Conway,* 113 *Ga.* 1155 (39 S. E. 550); *McDaniel* v. *Atlanta Coca Cola Bottling Co.,* 60 *Ga. App.* 92, 102 (2 S. E. 2d, 810); *Tuxworth* v. *Barber,* 21 *Ga. App.* 748 (94 S. E. 1042).

*Judgment affirmed. All the Justices concur.*

No. 17743. SUBMITTED JANUARY 17, 1952—DECIDED FEBRUARY 13, 1952.

*S. B. Wallace,* for plaintiff.

*Christopher & Futral,* and *Smith, Kilpatrick, Cody, Rogers & McClatchey,* for defendant.