### 37928. HARRIS *v.* BARNES.

TOWNSEND, Judge. 1. The plaintiff Frank Harris sued George Barnes in the Municipal Court of Savannah for $145 as the purchase price of a cash register, alleging that he sold the cash register to James H. Mills as agent for the defendant; that Mills was at the time employed as general manager of the defendant's confectionery; that the plaintiff knowing this relied on the credit of the defendant in making the sale; that he had no notice of any lack of authority in Mills; that the defendant knew of the purchase by his agent; knew and consented to the continual use of the cash register in his place of business, and still has possession of the cash register. Attached to the petition is a conditional-sale contract between the parties bearing the signature of the purchaser under seal as follows: "James H. Mills for George Barnes." The defendant filed a special plea to the effect that the action was barred by the statute of frauds, and the court sustained the motion and dismissed the petition without consideration of any evidence. Error is assigned on this judgment.

2. A contract for the sale of goods, wares and merchandise of over $50 must be in writing "unless the buyer shall accept part of the goods sold and actually receive the same, or give something in earnest to bind the bargain." Code § 20-401 (7). The allegations of this petition are sufficient to show that the defendant received and retained the merchandise in question.

3. The title of general manager presumptively implies the power to make any contract ordinarily necessary for the usual and ordinary conduct of the business of which such person is general manager. *Nunez Gin &c. Warehouse Co.* v. *Moore,* 10 *Ga. App.* 350 (73 S. E. 432).

4. One way of alleging agency so as to bind the principal for the acts of the agent is to allege that the act was committed by the agent as agent for the principal and within the scope of

his employment. *Conney* v. *Atlantic Greyhound Corp.*, 81 *Ga. App.* 324 (58 S. E. 2d 559). The petition here, which alleges that Mills was the general manager of the defendant's business and that the sale was made to him as agent of such principal, the facts showing the sale to be such as is within the usual and ordinary course of the business, is a sufficient allegation to bind the principal.

5. The sole contention of the defendant in this case is that, the written sales contract being under seal, and the petition failing to show that Mills as the defendant's agent had authority in writing and under seal to purchase the cash register, the contract of sale is void as against the defendant. This contention is without merit. Code § 4-105, which provides that the act creating the agency shall be executed with the same formality as the law *prescribes* for the execution of the act for which the agency is created, has no application here for the reason that a contract to purchase personal property need not be under seal, and, where executed by delivery, need not even be in writing. "There is no statute in this State requiring the authority to make the memorandum required by the statute of frauds to be in writing, and such authority may be conferred by parol." *Brandon* v. *Pritchett*, 126 *Ga.* 286 (1) (55 S. E. 241, 7 Ann. Cas. 1093). The sale of personal property not being such a sale as can only be consummated by a sealed instrument, it was not necessary for Mills to sign it under seal, nor for him to have the authority of his principal granted in writing and under seal in order to make the purchase. This being so, the mere fact that it was signed by Mills under his hand and seal in no wise vitiated the effectiveness of the sale if otherwise it was made under such circumstances that the defendant would be bound thereby. This being a matter to be decided by the evidence on the trial, it was error to sustain the special plea of the defendant and dismiss the action.

*Judgment reversed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED OCTOBER 15, 1959.

*Eugene McCracken, Brannen, Clark & Hester,* for plaintiff in error.

*Pierce, Ranitz & Lee, John F. M. Ranitz, Jr.,* contra.