40638.   GREENFIELD v. COLONIAL STORES, INC.

DECIDED OCTOBER 16, 1964—REHEARING DENIED
OCTOBER 30, 1964.

573

574

*Daniel B. Clark, Hugh G. Head, Jr.,* for plaintiff in error.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Thomas C. Shelton, Thomas E. Joiner,* contra.

BELL, Presiding Judge. ■ The petition in this case clearly appears to be an attempt to allege a cause of action under the theory stated in *Lemaster v. Millers,* 33 Ga. App. 451 (1) (126 SE 875), and in *Southern Grocery Stores, Inc. v. Keys,* 70 Ga. App. 473 (28 SE2d 581) to the effect that an invitee on the premises of the invitor for the purpose of transacting business has a cause of action when he is made the brunt of opprobrious, insulting and abusive words by a clerk employed to deal with the invitee and which tend to humiliate, mortify and wound the feelings of the invitee. The petition's theory is made obvious by its emphasis in alleging that plaintiff had been a customer in defendant's store and repeatedly referring to that relationship. The briefs of opposing counsel only stress the invitee feature, the words spoken by the defendant's agents, and the place where the events occurred.

If the events supporting plaintiff's intended theory had been the only substance alleged there would be no doubt that the judgment dismissing the petition should be affirmed, for the petition affirmatively shows that all of the incidents charged as actionable occurred after the invitee relationship had ceased.

Notwithstanding the plaintiff's apparent mistake in the principal theory of his case, there are other allegations which are sufficient to keep him in court, for he has alleged a cause of action for assault and battery. See the preceding factual summation for the allegations which obviously are sufficient to state a cause of action for assault and battery within the following rules: ". . . Where all the apparent circumstances, reasonably viewed, are such as to lead a person reasonably to apprehend a violent injury from the unlawful act of another, there is an assault." *Quaker City Life Ins. Co. v. Sutson,* 102 Ga. App. 53, 56 (1) (115 SE2d 699). "Any act of physical violence

(and the law will not draw a line between different degrees of violence), inflicted on the person of another, which is not necessary, is not privileged, and which constitutes a harmful or offensive contact, constitutes an assault and battery." *Brown v. State*, 57 Ga. App. 864, 867 (197 SE 82).

In the case of *Southern R. Co. v. Chambers*, 126 Ga. 404, 409 (55 SE 37, 7 LRA (NS) 926), it is stated that ". . . when one who is an agent of the corporation commits a tort at places other than the place of agency, the company is not liable for the tort, unless it appears that it authorized the act or ratified it after its commission." This statement is in complete harmony with the provisions of *Code* § 105-108 which declare that "Every person shall be liable for torts committed by . . . his servant, by his command or in the prosecution and within the scope of his business, whether the same shall be by negligence or voluntary."

"One way of alleging agency so as to bind the principal for the acts of the agent is to allege that the act was committed by the agent as agent for the principal and within the scope of his employment." *Harris v. Barnes*, 100 Ga. App. 412 (4) (111 SE2d 147); *Conney v. Atlantic Greyhound Corp.*, 81 Ga. App. 324 (58 SE2d 559). Here, the petition's general allegations of agency in the commission of the assault and battery are sufficient to charge liability against the principal for the tort.

The petition sets out a cause of action against the employer for the alleged assault and battery committed by its employees while acting within the scope of employment and in prosecution of the master's business.

"A general demurrer goes to the whole pleading to which it is addressed, and should be overruled if any part thereof is good in substance. The bad part in pleading does not make the whole bad; the good part makes the whole good enough to withstand a general demurrer." *Bailey v. Bell*, 208 Ga. 715, 717 (69 SE2d 272); *Korn v. Tamiami Trail Tours, Inc.*, 108 Ga. App. 510, 518 (133 SE2d 616).

*Code* § 81-1303 provides: "No amendment adding a new and distinct cause of action . . . shall be allowed unless expressly provided for by law." An amendment to a petition

may contain additional matter descriptive of the same wrong pleaded in the original petition, but it must not plead any other or different wrong. *Simmons v. Beatty*, 57 Ga. App. 350 (195 SE 289). See *Ellison v. Ga. R. Co.*, 87 Ga. 691 (13 SE 809); *City of Columbus v. Anglin*, 120 Ga. 785 (48 SE 318). Although the facts alleged in the amendment to the petition could not have occurred were it not for the wrong alleged in the original petition, the allegations asserted in the amendment comprise an altogether different transaction and are not germane to the issue raised in the original petition.

The trial court on objection properly entered judgment striking the amendment.

*The judgment striking the amendment is affirmed. The judgment dismissing the petition is reversed. Eberhardt, J., concurs. Jordan, J., concurs specially.*

JORDAN, Judge, concurring specially. I concur in the judgment but for reasons other than those stated in the opinion. The opinion holds that the facts alleged in the petition sufficiently state a cause of action for assault and battery but are not sufficient to support an action for "tortious misconduct" arising from the use of insulting and opprobrious words toward the plaintiff since such alleged conduct occurred off the premises of the defendant. I disagree with the second part of this conclusion.

Such conclusion reached in the opinion is apparently based on the decision in *Southern R. Co. v. Chambers*, 126 Ga. 404 (55 SE 37) in which it was stated, "None of the cases, so far as our attention has been called to them, has gone to the extent of holding that the company would be liable for the tort of the agent at other places than where the agent was placed by the company for the discharge of the duties of his agency." P. 409. This holding in *Chambers*, supra, was the basis for Judge Sutton's special concurrence in *Woolf v. Colonial Stores*, 76 Ga. App. 565, 568 (46 SE2d 620), in which he indicated that no tort of an agent under such circumstances, whether based on assault or on abusive and insulting language, would be actionable if it occurred off the premises of the defendant.

But the Supreme Court in *Chambers*, supra, went on to say after the language quoted above: "But when one who is an agent of the corporation commits a tort at places other than the

place of agency, the company is not liable for the tort, *unless* it appears that it authorized the act or ratified it after its commission." (Emphasis supplied.) Since that time this court has held many times that tortious acts of store employees in pursuit of the employer's business occurring off the premises of their employer are actionable. In reversing the grant of a nonsuit in *Schwartz v. Nunnally Co.*, 60 Ga. App. 858 (5 SE2d 91), Judge Felton speaking for the court said: "The evidence with reference to the assault outside of the store of the company made a question for the jury as to whether the assault was so closely connected with the authorized transaction of the company's business as to render the company liable for the wilful acts of its servants. While the company might not be under a duty to exercise ordinary care in seeing that its customers left the store in safety in so far as dangers were concerned which were wholly disconnected from the conduct of its business and which it could not foresee, it was a question for the jury as to whether the company owed the plaintiff the duty to exercise ordinary care in seeing that he left the premises in safety in so far as any transaction was concerned for which he was invited into the store or which arose out of a transaction for which he was invited. If the assault arose out of the business which the employee was authorized to transact and was so closely connected thereto as to form a part thereof, the company would be liable. If the assault did not so arise and was so remote as to be an act of the employee alone, the master would not be liable."

Then in *Colonial Stores, Inc. v. Sasser*, 79 Ga. App. 604 (54 SE2d 719) at page 607, Judge Townsend speaking for the court said: "We do not believe that the mere physical presence of a part of the plaintiff's person within the building should decide the merits of a case of this nature. Rather, the true test is whether the assault is so related to, and so integrally a part of the transaction of the company's business as to grow logically and inescapably out of it. On the premises or off, a business establishment which invites customers to come in and trade owes to them the duty of not sending its employees out after them to commit unlawful assaults upon them while acting within the scope of employment."

And of course we are following this line of cases in the holding here since the assault occurred off the premises of the defendant.

Even though this case and the *Schwartz* and *Sasser* cases, supra, involve some element of assault, the same rule should be applied in the so called "tortious misconduct" cases where the tort is based on the use of insulting and opprobrious words toward the plaintiff arising out of a transaction in the conduct of the defendant's business. It is recognized that the misconduct of a corporation's employee is actionable even though such misconduct contains elements of slander. *Lemaster v. Millers*, 33 Ga. App. 451 (126 SE 875); *Southern Grocery Stores, Inc. v. Keys*, 70 Ga. App. 473 (28 SE2d 581); and *Colonial Stores, Inc. v. Coker*, 74 Ga. App. 264 (39 SE2d 429). Irrespective of the nature of the tort committed by the agent of the defendant, the true test of liability should be whether or not such tort was "so integrally a part of the transaction of the company's business as to grow logically and inescapably out of it" and not merely whether the tort occurred on the premises or off.

This court should not take any further action which would lend credence to the theory that the use of insulting and opprobrious words of the employer's agent toward a customer arising out of the transaction of the employer's business just "outside" the door of the employer's premises does not constitute an actionable tort when under our decisions the exact same language is actionable if spoken just "inside" the door. To hold that the customer-invitee relationship has ceased under such circumstances, thus cutting off the cause of action, is unrealistic to say the least.

*Code* § 105-108 provides, "Every person shall be liable for torts committed by his wife, his child, or his servant, by his command or in the prosecution and within the scope of his business, whether the same shall be by negligence or voluntary."

The petition in this case alleging that the defendant's employees, in following plaintiff to an adjacent store and using language tending to accuse him of stealing meat from defendant's store, were acting within the scope of their duties and about the business of the defendant, sufficiently alleged tortious mis-

conduct on the part of such employees so as to withstand the general demurrer interposed even if no physical assault had been involved.