44974. HARDEE'S FOOD SYSTEMS, INC. v. BOWERS.

JORDAN, Presiding Judge. This is a declaratory judgment action brought by a tenant, Hardee's Food Systems, Inc., against its landlord, Lloyd G. Bowers, Inc., to ascertain the meaning and application of the provisions of a lease requiring payment of a portion of the rent in common stock of the tenant corporation. The provisions are as follows: "2. Section 3B of the aforesaid rental agreement is hereby amended so as to read as follows: B. Percentage Rental. In addition to said annual guaranteed minimum rental, as aforesaid, the tenant covenants and agrees to pay to the landlord as additional rental, a sum equal to the amount, if any, by which six (6%) percent of all gross sales, as hereinafter defined, made in and from the said demised premises during each lease year, exceeds the aggregate of the guaranteed minimum rental paid by tenant during or for such lease year. (1) If as stipulated in Section 33, as amended below, the 'total cost' exceeds $30,000, and the aforesaid gross sales exceed one hundred seventy-one thousand and no/100 dollars ($171,000) during any lease year, tenant will make payment of subsequent additional rent as follows: The amount of rent due to the landlord on the aforesaid gross sales in excess of one hundred seventy-one thousand and no/100 dollars ($171,000) in any lease year will be paid by the issuance and delivery to landlord of an amount of common stock in Hardee's

Food Systems, Inc., its successors or assigns, equivalent in value to the amount of rent due on said excess gross sales. Any rental payments made as aforesaid shall be so made on the basis of said common stock having a value of four dollars ($4.00) per share. Except that this clause shall be of no force and effect when tenant has paid under this clause an amount of rent in stock equal to the total construction cost to tenant of the building to be erected upon the leased premises."

It is undisputed that by applying the formula set forth above, using a value of $4 to determine common shares due, the defendant, as of August 31, 1964, became entitled to 1,033 shares of common stock, for which a certificate was delivered to him in September, 1964. On June 14, 1967, the defendant split its stock two for one, and the defendant duly received an additional 1,033 shares.

In reply to a request for admissions the plaintiff admitted that notes published in its 1966 annual report purportedly reflecting the financial condition as of October 31, 1966, included the following: "In addition to the minimum annual rentals, in certain leases of restaurants, there are provisions for additional rents based on net sales. In the case of one of these, the additional rent is payable in capital stock of Hardee's Food Systems, Inc., at $4.00 per share. Under this lease, 1,033 shares have been issued and up to 2,398 shares may be issued."

The notes in the 1967 report following the stock split differed as follows: "at $2.00 per share. Under this lease, 2,066 shares have been issued and up to 4,796 additional shares may be issued." The plaintiff failed to respond to a request for admissions in respect to the 1968 report and the statement as quoted in that request is substantially identical to the 1967 report.

For the year which commenced on March 1, 1967, and ended on February 29, 1968, the agreed figure entitling the defendant to common stock is $732.84. The plaintiff sought a declaration to the effect that by applying the formula set forth in the agreement the defendant is entitled to 183 shares of common stock, and the defendant responded to the effect that he is entitled to double this amount in common stock by reason of the stock split. The plaintiff appeals from the grant of a summary judgment for the defendant. *Held:*

1. The plaintiff contends that the court erred in admitting in

evidence the excerpts from its financial statements. In his "Memorandum of Evidentiary Rulings" the judge discloses that he admitted the defendant's first request for admissions, the response thereto, admitting the truth of the 1966 and 1967 excerpts, and the request to admit the truth of the 1968 excerpt, "to which no timely objection or denial was filed," and that in so doing he recognized and overruled the plaintiff's objections that the quoted extracts were hearsay and opinions of the plaintiff's auditors. The court noted the admitted fact that the excerpts were from annual reports published and distributed by the plaintiff and not by its auditors, and stated further that "The court deems that the evidence in question is illustrative of the construction placed upon the contract by plaintiff through its own acts and conduct, and is therefore admissible for that purpose."

As a general rule, the admission by a party to the record is admissible where offered by an opponent. See *Code* § 38-403. It appears obvious here that the defendant sought to prove, by the extra-judicial admissions of the plaintiff, the meaning of the contract as understood in fact by the plaintiff contrary to its present contentions but consistent in fact with the meaning as understood by the defendant. In this sense Green, in Georgia Law of Evidence, pp. 519, 520, § 233, states that admissions "are positive evidence of the fact asserted, and they are admissible in evidence as an exception to the hearsay rule, though, of course, they are not conclusive, but may be rebutted or explained by other evidence and their ultimate evidentiary value and weight is a matter to be determined by the jury or other trier of fact."

The trial court did not err in overruling the objections of the plaintiff that the admissions were inadmissible hearsay opinions.

2. The construction of a contract is a question of law for the court. *Code* § 20-701. The cardinal rule is to ascertain the intention of the parties. *Code* § 20-702. If there be any ambiguity, the meaning placed on the contract by one party and known to be thus understood by the other at the time shall be held to be the true meaning. See *Code* § 20-703.

Applying these rules, and conceding the possibility of some ambiguity, the admissions adduced by the defendant, when considered with the record as a whole, make it clear that the parties concurred in the meaning and application of the

percentage rental provisions for a long period before the litigation began and that this meaning and application is that which the defendant now contends is the true meaning. Inasmuch as nothing of probative value appears in the record to create a genuine issue of fact as to the previous conduct of the parties in respect to the meaning and application of the lease, all of the facts, as disclosed by the record, would entitle the defendant to summary judgment.

We conclude that even if the admissions in the financial statement were inadmissible, the provisions of the lease as applied to the undisputed facts, require the same conclusion as a matter of law. The lease provides for payment specifically in "common stock" of the plaintiff "equivalent in value" to the rent due from "excess gross sales" by the plaintiff. The basis for this equivalency is then fixed absolutely and unequivocally at $4 per share, and there is no definition of common stock of the corporation when the amended lease became effective to support any conclusion other than a reference to the common stock then in existence. The lease thus contains two fixed factors, the common stock of the corporation as it then existed, and an established value of $4 per share. It necessarily follows that if this common stock of the corporation was subsequently split on a two-for-one basis, the fixed value of each share of the new stock, for application of the formula, was automatically reduced to $2. The market value or par value of the common stock, whatever it may have been or now is, is irrelevant.

3. The trial court properly granted a summary judgment for the defendant.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*

Argued January 8, 1970—Decided February 17, 1970—
Rehearing denied March 6, 1970—

*Young, Thompson, Redmond & Young, W. H. Young, Jr.,* for appellant.

*Swift, Pease, Davidson & Chapman, W. M. Page, Max R. McGlamry,* for appellee.