## A89A2040. JACOBS v. SPANO.
### (387 SE2d 924)

SOGNIER, Judge.

C. Jay Jacobs brought suit against Nicholas Spano seeking actual and punitive damages for Spano's alleged intentional destruction of Jacobs' property. The trial court granted Spano's motion for summary judgment and Jacobs appeals.

The record reveals that appellant played keyboard in a band which performed on New Year's Eve 1986 at the Officer's Club at Fort Benning. When appellant departed the club shortly after midnight, he left his equipment (consisting, apparently, of keyboard, synthesizer, speaker, mixer, power amplifier, and support stand) on the stage at the club. Appellee testified by deposition that he was involved in an altercation with two soldiers who had been harassing appellee's date and that in the course of the altercation one of the soldiers shoved him into some equipment on the stage. Appellee's version of the events was corroborated for the most part by the deposition testimony of Ron Anderson, a soldier who had assisted in stopping the altercation.

In rebuttal, appellant presented affidavits by Warren Evans and Kenny Townsend. Evans averred that in the early hours of January 1, 1987 while working at the Officer's Club, he saw a man kicking and pushing the band equipment on the club's stage and when he asked the man what he was doing, the man referred to a lost coat. Evans described the man as a white male in his late thirties or early forties, between five foot nine inches and five foot eleven inches, approximately 155 pounds, wearing a gray suit with a red tie. He stated that he observed the man leave in a white car, possibly a Camaro. The record reveals that at the time of the incident in-issue here, appellee,

a white male in his mid-forties who is five foot eight inches tall and weighs 175 pounds, was wearing a white jacket and a gray tie and departed the Officer's Club in his dark gray 1985 Mercedes.

Townsend averred he knew appellee and that on the night in issue, appellee became upset while at the Officer's Club because the club's coat-check had closed and appellee could not find his date's coat. Townsend retrieved the coat from the manager's office, and averred that while he "gathered from the conversation that some disturbance had taken place," he made no inquiry at the time but asked appellee when he went to appellee's home later that night what had happened and that appellee "admitted that he had torn up the band's musical equipment by turning it over and throwing it off the stage. He said that he had done this because of the club's removal of his date's coat."

Although the trial court's order granting summary judgment in favor of appellee recites that the trial court considered "the entire record, including pleadings, depositions, interrogatories and affidavits," both parties reference in their briefs and oral argument statement by the trial court to the effect that it would not consider the affidavits of Evans and Townsend for failure to comply with the requirements of OCGA § 9-11-56 (e). That statute provides in pertinent part that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." It is not controverted that the affidavits were properly signed and sworn to by Evans and Townsend and that they were timely filed with the court. Rather it is asserted that the affidavits fail to show affirmatively that the affiants were competent to testify to the matters stated in the affidavits and that the evidence set forth therein would not be admissible at trial.

Both affidavits include as the initial paragraph the affiant's name and the statement that "I have personal knowledge of the facts contained herein." This statement clearly evinced compliance with the "personal knowledge" requirement of OCGA § 9-11-56 (e). Compare *Morris-Bancroft Paper Co. v. Coleman*, 188 Ga. App. 809, 810 (374 SE2d 544) (1988). We do not agree with appellee that the affiants were required to state that they were "competent" to testify to the matters in the affidavits where, as here, the affidavits show affirmatively that the affiants were competent. Although appellee argues the affidavits are inadequate because neither states that it was prepared for the purpose of introduction on a motion for summary judgment, nothing in OCGA § 9-11-56 requires such a statement to be made and we decline to append such a requirement to the statute.

As to Townsend's affidavit, we cannot agree with appellee that the contents of the affidavit constitute inadmissible hearsay. In his

affidavit Townsend averred that appellee admitted to him that appellee had acted intentionally to damage the musical equipment on the Officer's Club stage to vent his anger over the club's removal of his date's coat. It is well established that "[e]xtrajudicial statements by an opposing party inconsistent with the position of that party are positive evidence of the fact asserted and are admissible as an exception to the hearsay rule. [Cit.]" *Petty v. Folsom*, 229 Ga. 477, 478 (192 SE2d 246) (1972). See also OCGA § 24-3-31. Such extrajudicial admissions are properly before a trial court on motion for summary judgment, see generally *Hardee's Food Systems v. Bowers*, 121 Ga. App. 316, 318 (1) (173 SE2d 439) (1970), and were not subject to exclusion on the basis that they constitute inadmissible hearsay. Id. Accordingly, Townsend's affidavit was admissible and, as positive evidence of the fact asserted, see *Petty*, supra, it set forth specific facts showing that there is a genuine issue for trial as to appellant's intentional tort claim. See OCGA § 9-11-56 (e). Thus, the trial court erred by granting summary judgment in favor of appellee. See generally *Yaeger v. Canadair, Ltd.*, 189 Ga. App. 207, 208-209 (375 SE2d 469) (1988).

As to Evans' affidavit, appellee asserts the affidavit was properly excluded because of the disparity between appellee's appearance and the description given by Evans of the man he saw damaging the equipment. However, in view of our reversal of the trial court's order above, it is not necessary to determine whether Evan's affidavit created a genuine issue of material fact for jury determination, but we note that upon trial of this issue, " '[t]he Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value. Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors.' [Cit.]" *Turner &c., Inc. v. Europe Craft Imports*, 186 Ga. App. 286, 290 (367 SE2d 99) (1988).

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 8, 1989.

*Russell T. Duraski*, for appellant.
*Patrick J. Araguel, Jr.*, for appellee.