A90A1939. BI-LO, INC. v. McCONNELL.
(404 SE2d 327)

BANKE, Presiding Judge.
The appellant, Bi-Lo, Inc., brought criminal charges against one of its employees, the appellee herein, for shoplifting a soft drink. See generally OCGA § 16-8-14. The appellee was tried and acquitted o

that charge and then instituted the present action for malicious prosecution. The jury returned a verdict in his favor for $30,000, and this appeal followed.

As the appellee, who was 17 years of age at the time, was refilling a soft drink machine located in front of the store, he noticed that one of the Coke cans was badly damaged and would not fit into the machine. After he had finished filling the machine, he opened this can and began drinking from it. He explained at trial that he had seen other employees consume damaged soft drinks in this manner and was under the impression that such drinks would "be thrown out anyway." He testified that he was openly drinking the Coke as he returned the vending machine key to the employee on duty at the customer service desk.

After returning the key to the customer service desk and returning the remaining soft drinks to stock, the appellee went inside the dairy cooler, which was located outside his normal work area, to finish drinking the Coke. While there, he was discovered by the store manager, who exclaimed upon seeing him, "Aha, I caught you, didn't I?" The appellee was subsequently summoned to the manager's office, where he was asked whether he had paid for the drink. When he responded that he had not, he was asked no further questions but was immediately informed by the manager that the police had been called and that he would be taken downtown. The appellee testified that he was upset, scared, and crying at this time and that he asked the manager if he could call his parents, but that the manager replied, "No. People like you don't have any rights."

There was testimony that the appellant was experiencing a serious problem with employee theft and shoplifting and had decided to take a strong stance against such conduct. The appellant's "Director of Loss Prevention" maintained at trial that the profit margin at the store in question was only one cent on the dollar and that it would consequently take 50 dollars of sales to cover the loss of a 50-cent can of Coke. *Held*:

1. The appellant enumerates as error the denial of its motion for summary judgment. That ruling was, however, rendered moot by the jury's verdict. See *Brown Realty Assoc. v. Thomas*, 193 Ga. App. 847 (1) (389 SE2d 505) (1989).

2. The appellant contends that it was entitled to a directed verdict because the evidence established without dispute that it had probable cause to believe the appellee was guilty of shoplifting. We disagree.

" 'Probable cause is that apparent state of facts existing after reasonable and proper inquiry; the prosecutor is under a duty of caution and avoidance of haste.' [Cit.] 'While a prosecutor need not be fully satisfied of the truth of the charge . . . and is not required to

have a sufficient statement of fact to guarantee a conviction, nevertheless, where slight diligence would have brought to his attention facts which would have shown conclusively that there could be no conviction, whether or not he is guilty of malicious prosecution is a question of fact to be determined by the jury.' [Cit.]" *Voliton v. Piggly Wiggly*, 161 Ga. App. 813, 814 (288 SE2d 924) (1982). " 'The appearances must be such as to lead a reasonable man to set the criminal proceeding in motion. The defendant is not necessarily required to verify his information, where it appears to be reliable; but where a reasonable man would investigate further before beginning the prosecution, he may be liable for failure to do so. . . .' " *Melton v. LaCalamito*, 158 Ga. App. 820, 824 (282 SE2d 393) (1981).

While the *immediate* appearances in this case may have been such as to lead a reasonable person in the store manager's position to believe that the appellee had acted with criminal intent in taking the soft drink, even the most cursory investigation would have revealed that the can would not fit in the machine because it was damaged and that the appellee consequently believed it would be discarded. Given the somewhat trivial nature of the alleged theft, the fact that the appellee was a teenaged employee with an apparently unblemished record, and the manager's complete failure to question him regarding the circumstances under which he had taken the drink, we hold that the jury was authorized to conclude that the appellant had acted maliciously and without probable cause in prosecuting him for shoplifting. See generally OCGA § 51-7-40.

3. The appellant further contends that it was immune from liability pursuant to OCGA § 51-7-60 (1), which provides that the owner or operator of a mercantile establishment cannot be held liable for damages for false arrest or false imprisonment "where it is established by competent evidence . . . [t]hat the plaintiff had so conducted himself or behaved in such manner as to cause a man of reasonable prudence to believe . . . at or immediately prior to the time of the detention or arrest [he] was committing the offense of shoplifting. . . ." Cf. *Turner v. Bogle*, 115 Ga. App. 710, 713 (155 SE2d 667) (1967) (holding that the statute applies also to malicious prosecution actions). This contention is also without merit. "The determination of whether the defendant acted with reasonable prudence . . . [was a matter] for the jury, not the court, to determine. [Cits.]" *United States Shoe Corp. v Jones*, 149 Ga. App. 595, 597 (2) (255 SE2d 73) (1979).

4. In *Monroe v. Sigler*, 256 Ga. 759 (4) (353 SE2d 23) (1987), the Supreme Court held that the defendant in a malicious prosecution action is entitled to judgment as a matter of law where the plaintiff is shown to have moved unsuccessfully for a directed verdict of acquittal in the underlying criminal proceeding. The appellant concedes that the appellee in this case did not move for a directed verdict dur

ing the trial of the criminal case but contends that his failure to do so, along with the trial court's failure to direct a verdict of acquittal sua sponte, "is equivalent to [his] moving for a directed verdict which is denied." We find this contention to be wholly without merit.

5. For the foregoing reasons, we hold that the trial court did not err in denying the appellant's motion for directed verdict. The appellee's motion for an assessment of "attorney fees" against the appellant pursuant to OCGA § 5-6-6 for filing a frivolous appeal is, however, denied.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 13, 1991.

*Whitehurst & Frick, Stephen P. Riexinger, Scott A. Wharton,* for appellant.
*George L. Williams, Jr., Walter G. Sammons, Jr.,* for appellee.