A96A1787. BROWN et al. v. SUPER DISCOUNT MARKETS, INC. et al.
(477 SE2d 839)

Judge Harold R. Banke.

Janice Brown and her daughter Kelly Roper sued Super Discount Markets, Inc. d/b/a Cub Foods ("Cub") and Phillip Smith, a security employee, to recover damages for false arrest, false imprisonment, and assault and battery resulting from their detention for suspected shoplifting at Cub. The case is before us on appeal from the grant of summary judgment in favor of Cub and Smith.

Summary judgment is appropriate when the court viewing all the evidence and drawing reasonable inferences in a light most favorable to the non-movant concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the evidence was as follows. As Brown and Roper were beginning to checkout at Cub, Smith intercepted them because he had purportedly observed them concealing cigarettes, meat, and cheese inside their purses as they shopped. Cashier Cheryl Hall noticed that the women unsuccessfully attempted to remove some of the secreted merchandise from their purses after they were caught. Evette Sanabria, a customer service representative, accompanied Smith, Brown, and Roper to the store office. Sanabria ascertained that the items allegedly purloined totaled $26.66. Smith decided not to prosecute the customers, gave them a criminal trespass warning, and advised them not to return.

Cub and Smith moved for summary judgment asserting that their actions were protected by statutory privilege under OCGA § 51-7-60. They further contended that any touching was non-confrontational and privileged.[1]

In opposition to summary judgment, Brown and Roper offered

---

[1] Cub offered affidavits from a friend of a Brown family member and a paralegal employed by its counsel, and an unsworn statement from Brown's daughter, Tammy Roper, to assert that the appellants' lawsuit was a fraud and to challenge the veracity of Brown and Roper's version of events. The friend's affidavit was admissible under OCGA § 24-3-31. The tape-recorded statement is inadmissible because it is unsworn. The paralegal's affidavit is inadmissible because the paralegal was not a witness to any statement allegedly made by the parties, Janice Brown or Kelly Roper. Compare *Jacobs v. Spano*, 193 Ga. App. 447 (387 SE2d 924) (1989) (nonparty witness to whom party made statement can testify as to party's admissions). See *Hassell v. First Nat. Bank*, 218 Ga. App. 231, 232-234 (2) (461 SE2d 245) (1995); OCGA § 9-11-56 (e).

their testimony and that of Nichols, Brown's fiance, who witnessed Smith's initial confrontation with the women. All three testified that Smith grabbed Brown's arm and slung her and that Smith shoved Roper into a nearby candy rack. Brown and Roper further claimed that Smith locked the office door, prevented them from leaving, pushed Brown down repeatedly whenever she attempted to leave the office, and poked her in the back as she was departing the store. Both stated that they were detained an unreasonable length of time, between an hour and an hour and a half. They further testified that Smith threatened to contact the Department of Family & Children Services to have Roper's child taken away and that Smith was profane and verbally abusive. *Held*:

Brown and Roper's sole enumeration of error is that summary judgment was precluded by the existence of material disputed facts.[2] We agree. Cub and Smith could not prevail on motion for summary judgment unless the reasonableness of the initial decision to detain Brown and Roper and reasonableness of the manner and length of their subsequent detention were established as a matter of law. *K Mart Corp. v. Adamson*, 192 Ga. App. 884, 885 (386 SE2d 680) (1989); OCGA § 51-7-60.

When Smith intercepted Brown and Roper, he claimed that he had observed first-hand that the women were attempting to conceal or take possession of Cub's merchandise. OCGA § 16-8-14 (a) (1). Because Smith had reasonable cause to believe that shoplifting was in progress, Smith was entitled to intercept Brown and Roper and investigate further. *Swift v. S. S. Kresge Co.*, 159 Ga. App. 571, 573 (2) (284 SE2d 74) (1981).

However, the circumstances surrounding the detention are more problematic. Although Cub maintains that the detention was brief and voluntary, lasting approximately ten minutes, Brown and Roper vigorously dispute those claims. Contrary to Cub's contention, whether the manner and length of detention were reasonable may be determined as a matter of law only in rare cases where the evidence is uncontroverted. Compare *Bi-Lo v. McConnell*, 199 Ga. App. 154, 156 (3) (404 SE2d 327) (1991) (disputed facts about conduct created jury question); and *Crowe v. J. C. Penney, Inc.*, 177 Ga. App. 586, 588 (2) (340 SE2d 192) (1986). This is not such a case, and a jury must determine the reasonableness of Smith's actions on the false impris-

---

[2] We observe that counsel for appellees misstated the facts by asserting that appellants admitted they were shoplifting. The record clearly refutes this statement. This was not the only time that counsel for appellees made material misstatements of the record. We note that counsel also misstated the law in arguing that false arrest and false imprisonment claims are mutually exclusive. *Simmons v. Kroger Co.*, 218 Ga. App. 721, 722 (1) (463 SE2d 159) (1995). See Standard 45 (b), State Bar Rule 4-102 (d).

onment and false arrest counts. *United States Shoe Corp. v. Jones*, 149 Ga. App. 595, 597 (255 SE2d 73) (1979); OCGA § 9-11-56 (e).

Summary judgment must be reversed on the assault and battery claim as well. Notwithstanding Cub's argument to the contrary, any unlawful touching of a person's body, even though no physical injury ensues, violates a personal right and constitutes a physical injury to that person. *Christy Bros. Circus v. Turnage*, 38 Ga. App. 581 (144 SE 680) (1928). " ' "Any act of physical violence (and the law will not draw a line between different degrees of violence), inflicted on the person of another, which is not necessary, is not privileged, and which constitutes a harmful or offensive contact, constitutes an assault and battery." (Cit.)' *Greenfield v. Colonial Stores*, 110 Ga. App. 572, 574-575 (1) (139 SE2d 403) (1964)." *Kemp v. Rouse-Atlanta, Inc.*, 207 Ga. App. 876, 880 (3) (429 SE2d 264) (1993).

Brown and Roper testified that Smith bullied them, made threats, scared them, and used excessive physical force both before and after he took them to the office. The above-stated facts raise a triable issue as to whether Smith's actions constituted assault and battery within the meaning of OCGA §§ 51-1-13; 51-1-14.

*Judgment reversed and remanded. McMurray, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 27, 1996 —
RECONSIDERATION DENIED OCTOBER 15, 1996 —

*Joseph M. Todd*, for appellants.
*Drew, Eckl & Farnham, Peter B. Barlow, George R. Moody*, for appellees.