## A02A1814. VASQUEZ v. SMITH.
### (576 SE2d 59)

MIKELL, Judge.

Edna M. Vasquez filed the underlying action for battery against her co-worker, Jacqueline Elaine Smith. The trial court granted summary judgment in favor of Smith, and Vasquez appeals. For reasons explained below, we reverse the judgment of the trial court.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the non-moving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . Our review of an appeal from summary judgment is de novo.

(Citations and punctuation omitted.) *Hannah v. Hampton Auto Parts*, 234 Ga. App. 392 (506 SE2d 910) (1998). Accord *Brown v. Super Discount Markets*, 223 Ga. App. 174 (477 SE2d 839) (1996).

So viewed, the record shows that Vasquez and Smith were

---

[14] Id. at 467-468 (1).

employed by Intermedia Communications, Inc. According to Vasquez, in March 2000, Smith became upset when she discovered that Vasquez held the title of senior customer service manager. Smith deposed that she spoke with a supervisor, a human resources representative, and the vice president of Intermedia to inquire why she had not been considered for the position. Vasquez testified that she and Smith saw each other once or twice a week in the course of their employment and that they had a contentious relationship. Vasquez described hostile behavior by Smith, including an incident in June 2000, when Smith drove a car within four inches of Vasquez while she was walking through the parking deck.

Vasquez alleged that Smith battered her on five different occasions. First, according to Vasquez, on October 17, 2000, she and Smith happened to be in the mail room at the same time. Vasquez deposed that when she attempted to leave, Smith blocked her path and "quickly and forcefully slammed her body into mine." Vasquez was thrown off balance and struck a countertop. She testified that the incident caused "a great deal of pain" to her feet and her right hip and that she took pain medication as a result. Smith gave a different account and deposed that their arms "brushed up against each other" as the two women were exiting the mail room and that they exchanged words. Smith described the exchange as follows: "[Vasquez] said watch it and I said you watch it. And she said you're so rude. And I said your momma. That's it."

According to Vasquez, the second incident occurred on October 31, 2000, when a number of employees were gathered in a conference room for a staff meeting. Vasquez was talking to a co-worker, Amy O'Connor, at the entrance to the conference room when Smith slammed into her from behind. Vasquez testified that she lost her balance and was thrown forward, causing foot pain for which she took medication.[1] O'Connor deposed that she was facing Smith at the time and witnessed her forcefully slam into Vasquez from behind. O'Connor further testified that there was sufficient room in the doorway for Smith to walk through without touching Vasquez; that Vasquez was thrown forward by the blow; that Smith kept walking and did not acknowledge running into her co-worker; and that Smith's conduct appeared to be intentional. Contrary to Vasquez's and O'Connor's testimony, Smith deposed that she unintentionally "brushed up against [Vasquez's] arm" as she passed through the doorway.

Vasquez alleged that the third battery took place on November

---

[1] O'Connor testified that everyone in their office knew that Vasquez wore a special boot on her left foot due to a medical condition.

14, 2000, before the weekly staff meeting. Vasquez was seated at the conference table when Smith walked by and slammed her body against the back of Vasquez's chair. According to Vasquez, Smith also made contact with her right shoulder. Vasquez deposed that the force of the blow caused her chest to hit the table, resulting in skin discoloration. She took ibuprofen for the pain. Other people were able to walk by without touching her chair, Vasquez testified. Smith testified that she merely touched Vasquez's chair as she walked through the room. According to Vasquez, the fourth and fifth batteries took place at the November 21 and 28 staff meetings when Smith engaged in conduct nearly identical to her behavior on November 14. Vasquez testified that she suffered from a "constant nervous stomach" as a result of the five batteries and that stress caused by Smith's behavior had affected her job performance.

Smith was given a written warning by her supervisor on November 29, 2000. In a section entitled "Professional Behavior," the warning stated that "[y]our conflicts with peers and management have evolved to outbursts and physical confrontation." Smith was informed that "[b]ehaving in a threatening and insubordinate manner towards . . . co-workers . . . will not be tolerated."

The record reveals that Smith was arrested for the simple battery of Vasquez and that she pleaded nolo contendere to the charge. There is no documentation of the criminal action in the record; however, Smith's deposition testimony indicates that it was disposed of after November 2000.

After Vasquez filed the underlying civil action, Smith moved for summary judgment on the grounds that there was no evidence that she intentionally touched Vasquez or that Vasquez was injured by her conduct. The trial court granted the motion. On appeal, Vasquez argues that the court erred in finding that no genuine issues of material fact exist. We agree.

This Court has repeatedly held in battery cases that the unwanted touching itself constitutes the injury to the plaintiff. *Darnell v. Houston County Bd. of Ed.*, 234 Ga. App. 488, 490 (1) (506 SE2d 385) (1998) ("[a] cause of action for assault and battery can be supported by even minimal touching"); *Jarrett v. Butts*, 190 Ga. App. 703, 705 (4) (379 SE2d 583) (1989) (evidence that the defendant touched the plaintiff's wrists and hair was sufficient to withstand a motion for summary judgment). In *Brown v. Super Discount Markets*, supra at 176, we held that "any unlawful touching of a person's body, even though no physical injury ensues, violates a personal right and constitutes a physical injury to that person." (Citation omitted.) In that case, we reversed a grant of summary judgment on an assault and battery claim because there was evidence that the defendant, a security employee, grabbed one plaintiff's arm and shoved the other

plaintiff while apprehending them for allegedly shoplifting. Id. We reasoned that

> [a]ny act of physical violence (and the law will not draw a line between different degrees of violence), inflicted on the person of another, which is not necessary, is not privileged, and which constitutes a harmful or offensive contact, constitutes an assault and battery. (Cit.) *Greenfield v. Colonial Stores*, 110 Ga. App. 572, 574-575 (1) (139 SE2d 403) (1964).

(Punctuation omitted.) Id., citing *Kemp v. Rouse-Atlanta, Inc.*, 207 Ga. App. 876, 880 (3) (429 SE2d 264) (1993).

In *Newsome v. Cooper-Wiss, Inc.*, 179 Ga. App. 670 (347 SE2d 619) (1986), we outlined a test for conduct giving rise to an actionable claim for battery:

> "In the interest of one's right of inviolability of one's person, any unlawful touching is a physical injury to the person and is actionable." *Mims v. Boland,* 110 Ga. App. 477[-478] (1) (a) (4) (138 SE2d 902) (1964). See generally OCGA § 51-1-13. Generally speaking, an "unlawful" touching is one which is "offensive," and an "offensive" touching is one which proceeds from anger, rudeness, or lust. [Cits.] The test, according to Professor Prosser, "is what would be offensive to an ordinary person not unduly sensitive as to his dignity." Prosser, Law of Torts, § 9, p. 37 (4th ed. 1971). Accord Restatement of Torts, 2d, § 19.

Id. at 672 (1).

Based on the above-cited cases, we conclude that a jury question exists as to whether Smith's conduct constituted a battery. At a minimum, the deposition testimony of Vasquez and O'Connor raise factual issues regarding whether Smith's conduct constituted an offensive touching and whether it was intentional. That Smith gave such differing accounts of the events at issue demonstrates that the relevant facts are in dispute.

Smith argues that Vasquez's claim fails because she has not demonstrated actual physical injury; however, such a showing is not required to support a claim for battery, which is an intentional tort. *Hendricks v. Southern Bell Tel. &c. Co.*, 193 Ga. App. 264, 265 (1) (387 SE2d 593) (1989). See *Ketchup v. Howard*, 247 Ga. App. 54, 56 (1) (543 SE2d 371) (2000). The cases cited by Smith in support of her argument that proof of injury was required involve negligence actions and are therefore distinguishable from the case at bar.

*Judgment reversed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JANUARY 3, 2003.

*Jacqueline K. Taylor*, for appellant.
*Paul B. Kemeness*, for appellee.