### A12A0089. LAWSON v. BLOODSWORTH.
(722 SE2d 358)

ELLINGTON, Chief Judge.

Rakeen Lawson brought this action in the Superior Court of Wilcox County for assault and battery against Clint Bloodsworth, alleging that Bloodsworth, who was his high school history teacher, deliberately and maliciously threw a chair at him. Following a hearing, the trial court granted Bloodsworth's motion for summary judgment, and Lawson appeals. For the reasons explained below, we reverse.

To prevail on a motion for summary judgment, "the moving party must demonstrate that there is no genuine issue of material fact, so that the party is entitled to judgment as a matter of law[.]" (Citations and punctuation omitted.) *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010).[1] In moving for summary judgment, "a defendant who will not bear the burden of proof at trial

---

[1] See OCGA § 9-11-56 (c) (Summary judgment is proper "if the pleadings, depositions,

need not affirmatively disprove the nonmoving party's case, but may point out by reference to the evidence in the record that there is an absence of evidence to support any essential element of the nonmoving party's case." (Citation and punctuation omitted.) Id.

> Summary judgments enjoy no presumption of correctness on appeal, and an appellate court must satisfy itself de novo that the requirements of OCGA § 9-11-56 (c) have been met. In our de novo review of the grant of a motion for summary judgment, we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant.

(Citations and punctuation omitted.) Id. at 624 (1) (a).

Viewed in this light, the record shows the following. During class on May 11, 2010, Bloodsworth became suspicious that Lawson had copied an assignment from a student in an earlier class and directed Lawson to go out into the hallway. As Lawson walked away from Bloodsworth and toward the door, Bloodsworth threw or pushed a chair toward Lawson, saying, "You're going to need this," or words to that effect. Lawson deposed that the chair hit him in the back of the leg, although he was not physically injured. According to Lawson, Bloodsworth then screamed in his face, "acting furious." Lawson was embarrassed by this incident and afterward felt he was the object of other students' ridicule because a teacher had thrown a chair at him. Bloodsworth deposed that, as Lawson was leaving the classroom, he tried to make the chair slide toward Lawson and unintentionally made it take "a bad bounce" in his direction and that the chair "just barely nicked him, if [it touched him] at all."[2]

The trial court determined that it was undisputed that Bloodsworth did not intentionally try to hit Lawson and that Lawson was not physically injured. Referencing Georgia's impact rule,[3] the trial court ruled that, "[s]ince there was no physical injury, [Lawson] has

---

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.").

[2] We note that Bloodsworth's motion for summary judgment, and Lawson's response, were based solely upon the depositions of the two parties. There is no evidence in the record from any of a number of other students who witnessed the incident.

[3] Georgia applies the impact rule to cases in which a party seeks to recover for emotional distress in a claim involving negligent conduct. The impact rule has three elements: (1) a physical impact to the plaintiff; (2) the physical impact causes physical injury to the plaintiff; and (3) the physical injury to the plaintiff causes the plaintiff's mental suffering or emotional distress. A party claiming negligent infliction of emotional distress must therefore show a physical impact resulting in physical injury. . . . In addition to alleging facts that could show that [the defendant's] behavior was malicious, wilful, or wanton, to meet this exception

no cause of action." On appeal, Lawson contends that there is evidence in the record that Bloodsworth committed an intentional tort and, therefore, that the impact rule does not preclude his recovery of damages for his resulting mental pain and suffering. We agree.

A cause of action for battery will lie for any unlawful touching, that is, a touching of the plaintiff's person, even if minimal, which is offensive. *Ellison v. Burger King Corp.*, 294 Ga. App. 814, 816-817 (2) (a) (670 SE2d 469) (2008). "[A]n offensive touching is one which proceeds from anger, rudeness, or lust. The test is what would be offensive to an ordinary person not unduly sensitive as to his dignity." (Citation and punctuation omitted.) Id. See also *Interstate Life &c. Co. v. Brewer*, 56 Ga. App. 599, 607 (193 SE 458) (1937) (An unlawful touching of a person's body is actionable even if the unlawful touching is indirect, as by throwing an object or substance at the person.).

In this case, Lawson's deposition testimony provides evidence that a furious Bloodsworth intentionally threw the chair at him, that the chair hit his leg, and that Bloodsworth's conduct caused him to suffer the emotional pain of humiliation. Thus, the facts are disputed regarding whether the chair physically touched Lawson and whether Bloodsworth pushed the chair toward him with a tortious, rather than an innocent, intent.

> Given the relatively low threshold required to prove battery, we must conclude that [Lawson] has created a factual issue as to whether a battery occurred. To hold otherwise here would run contrary to [controlling] precedent and to our mandate to view all evidence in the light most favorable to [Lawson] as the nonmoving party.

*Ellison v. Burger King Corp.*, 294 Ga. App. at 817 (2) (a).[4]

Furthermore, because Lawson seeks to recover damages for emotional distress resulting from an intentional tort, rather than from merely negligent conduct, Georgia's impact rule does not bar his claim, despite the absence of any physical injury. *Clarke v.*

---

to the impact rule, [a plaintiff] also must allege sufficient facts that could show that the [defendant's] behavior was directed at [the plaintiff, or at a group of people that included the plaintiff].

(Punctuation and footnotes omitted.) *Clarke v. Freeman*, 302 Ga. App. 831, 836 (1) (692 SE2d 80) (2010).

[4] In general, the question of an alleged tortfeasor's intent is reserved for the finder of fact. See *Stephens v. Adkins*, 226 Ga. App. 648, 649 (487 SE2d 440) (1997); *Cohen v. Hartlage*, 179 Ga. App. 847, 849 (348 SE2d 331) (1986); *Bodge v. Salesworld, Inc.*, 154 Ga. App. 65 (267 SE2d 505) (1980).

*Freeman*, 302 Ga. App. 831, 836 (1) (692 SE2d 80) (2010) (The trial court erred in ruling that the plaintiffs' claims for emotional distress were barred by the impact rule where the complaint alleged that they suffered emotional injuries due to the defendants' wilful, wanton, or malicious conduct that was directed at them.); see also *Vasquez v. Smith*, 259 Ga. App. 79, 82 (576 SE2d 59) (2003) ("[A]ctual physical injury . . . is not required to support a claim for battery, which is an intentional tort.").

For the foregoing reasons, the trial court erred in granting summary judgment to Bloodsworth. *Ellison v. Burger King Corp.*, 294 Ga. App. at 817 (2) (a); see also *Vasquez v. Smith*, 259 Ga. App. at 82 (The fact that the plaintiff and the defendant gave such differing accounts of the events at issue demonstrated that the relevant facts were in dispute.).

*Judgment reversed. Phipps, P. J., and Dillard, J., concur.*

DECIDED JANUARY 18, 2012.

*Mills & Chasteen, Ben B. Mills, Jr.*, for appellant.
*Stephen L. Ivie*, for appellee.