**THIRD DIVISION
DOYLE, P. J.,
GOBEIL, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 7, 2023**

# In the Court of Appeals of Georgia

A23A0612. HOLT v. RICKMAN et al.

PHIPPS, Senior Appellate Judge.

Brenazia Holt brought negligence claims against an apartment complex's owners and manager, seeking damages for emotional distress after she awakened to discover a maintenance worker in her bed. The trial court granted summary judgment to the defendants, ruling that Georgia's impact rule barred Holt's negligence claims because she experienced no physical injuries as a result of the incident. Holt appeals, but for reasons that follow, we affirm.

Viewed favorably to Holt,[1] the record shows that in December 2019, she was staying at her aunt's apartment in Bibb County. The apartment complex was owned by the Stephen and Selyne Rickman Family Trust and operated by Heritage Realty, a limited liability company owned by Stephen Rickman. Joshua Mathews performed maintenance for Heritage and had a master key to the apartments in the complex.

One morning while Holt was sleeping alone in a bedroom, she awakened and found Mathews lying on top of the covers on the bed. Holt pulled the covers up over her head, but Mathews "snatched" them down to the top of her chest, saying he wanted to "see what [she] look[ed] like under there." Holt told Mathews to "get the f--- out" and pretended to reach for a weapon, at which point Mathews fled. According to Holt, Mathews touched the top of her head while pulling the covers down, but did not otherwise touch her skin and did not see her breasts. Holt testified that she suffered no physical injuries, sought no medical treatment, and missed no work as a result of the incident. However, she occasionally dreams about it and wakes up "thinking somebody [is] in [her] bed."

---

[1] See *Villages of Cascade Homeowners Assn. v. Edwards*, 363 Ga. App. 307, 308 (870 SE2d 899) (2022) ("In reviewing a trial court's ruling on a motion for summary judgment, . . . we view the evidence in a light most favorable to the nonmovant.") (citation and punctuation omitted).

Holt recognized Mathews because he had performed work in the apartment the day before the incident. Holt told her aunt what had happened, and her aunt spoke with Rickman, who promised to "handle the situation." Rickman testified that he hired Mathews in 2016 despite a background check showing that Mathews had two pending child molestation charges. According to Rickman, Mathews explained that he was in the middle of a contentious divorce and that his wife had accused him of molesting one of their children. In 2017, Mathews informed Rickman that he had pled guilty to lesser charges of sexual battery against a child under the age of 16. Rickman continued to employ Mathews as a maintenance worker with access to a master key. After learning about the incident involving Holt, Rickman spoke to her, as well as Mathews, and concluded that there was no proof of Holt's allegations. Approximately one week later, Mathews voluntary resigned his employment.

Holt sued Stephen and Seleyne Rickman and Heritage, asserting claims for premises liability and negligent hiring, retention, and supervision against all three defendants. Holt sought damages for "severe emotional distress" and other unspecified injuries.[2] Following discovery, the parties filed cross-motions for

[2] For her premises liability claim against Stephen Rickman, Holt also sought recovery for medical expenses, though she testified during her deposition that she incurred no such expenses. In addition, Holt asserted a claim for punitive damages

summary judgment. The defendants argued that Holt's negligence claims were barred by Georgia's impact rule because she suffered no physical injury as a result of the incident. The trial court granted the defendants' motion, agreeing that they were entitled to summary judgment because Holt "failed to present evidence of a physical injury caused by the physical impact of Mr. Mathews[.]"[3] Holt appeals.

Georgia's "impact rule" provides that "[i]n a claim concerning negligent conduct, a recovery for emotional distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury." *Ryckeley v. Callaway*, 261 Ga. 828, 828 (412 SE2d 826) (1992). To satisfy the rule, a plaintiff must show that she (1) suffered a physical impact that (2) resulted in a physical injury which (3) caused her mental suffering or emotional distress. *Lee v. State Farm Mut. Ins. Co.*, 272 Ga. 583, 586 (I) (533 SE2d 82) (2000). A plaintiff's failure to meet any one of the three requirements of the impact rule bars recovery even in cases "in which the circumstances portend a claim of emotional distress." Id.

___

against all defendants.

[3] The court also ruled that Holt was not entitled to summary judgment because the evidence "presents questions of fact as to whether the Defendants exercised ordinary care in their hiring and retention of Mr. Mathews and as to the foreseeability aspect of Ms. Holt's premises liability claim." This ruling is not at issue on appeal.

In this case, Holt's claims against the defendants all sound in negligence, and she seeks to recover damages for emotional distress.[4] Thus, the impact rule applies here. See *Eley v. Fedee*, 362 Ga. App. 618 (1), 624 (869 SE2d 566) (2022) ("[A] negligence claim seeking only damages for emotional distress is most assuredly subject to the impact rule."). Holt, however, cannot satisfy the second and third elements of the impact rule because she suffered no physical injury as a result of the incident that forms the basis of her claims.

Holt argues that Mathews's unlawful touching of her person qualifies as a physical injury as a matter of law.[5] She cites *Brown v. Super Discount Markets*, 223 Ga. App. 174 (477 SE2d 839) (1996), in which the plaintiffs sued a retail store and its security employee for assault and battery, among other intentional torts, after the employee detained the plaintiffs for suspected shoplifting. Id. at 174. The trial court

---

[4] Although Holt's complaint also contained a claim for punitive damages, alleging that the defendants' conduct "constitute[d] willful misconduct, wantonness, or the entire want of care which would raise the presumption of conscious indifference to consequences," she presented no evidence in the trial court to support this allegation and cites none here. Notably, the trial court denied Holt's motion for summary judgment, finding issues of fact as to whether the defendants' conduct rose to the level of negligence, and she does not challenge that ruling on appeal.

[5] Although the defendants argue on appeal that Holt did not raise this issue below, the record shows otherwise.

granted summary judgment to the defendants, who argued that "any touching was non-confrontational and privileged." Id. We reversed, holding that factual disputes precluded summary judgment on the assault and battery claims because "any unlawful touching of a person's body, even though no physical injury ensues, violates a personal right and constitutes a physical injury to that person." Id. at 176. Based on *Brown* and similar cases, Holt argues that she suffered a physical injury due to Mathews's unlawful touching.

*Brown* is distinguishable because it did not involve the application of the impact rule in a negligence case. As the defendants point out, the issue in *Brown* was whether the plaintiffs satisfied the elements of a civil claim for the intentional torts of assault and battery. See id. at 174-176. In this case, if Holt had sued Mathews — the person who allegedly committed intentional torts against her — then the impact rule would not apply. See *Hang v. Wages & Sons Funeral Home*, 262 Ga. App. 177, 180 (585 SE2d 118) (2003) ("where *the defendant's* conduct is malicious, wilful, or wanton, recovery can be had without the necessity of an impact") (citation and punctuation omitted; emphasis supplied). But Holt has neither sued Mathews nor alleged that the defendants are vicariously liable for his intentionally tortious

6

conduct.[6] Further, she has presented no evidence that the defendants themselves — as opposed to Mathews — committed any intentional tort or otherwise acted maliciously, wilfully, or wantonly toward her. See *Brock v. Atlanta Airlines Terminal Corp.*, 359 Ga. App. 226, 230-231 (1) (857 SE2d 74) (2021) (exception to impact rule for conduct that is "malicious, wilful, or wanton" applies to claims for *intentional* infliction of emotional distress) (citation and punctuation omitted). Under these circumstances, Holt cannot recover in the absence of physical injury, and the trial court therefore did not err by granting summary judgment to the defendants.

*Judgment affirmed. Gobeil, J., concurs fully; and Doyle, P. J., concurs fully and specially.*

---

[6] Although the complaint mentions "respondeat superior" in passing, Holt did not pursue this theory of liability in the litigation. In any event, under Georgia law, "an employer cannot be held liable under respondeat superior for an employee's sexual misconduct when the alleged acts were not taken in furtherance of the employer's business and were outside the scope of employment." *Piedmont Hosp. v. Palladino*, 276 Ga. 612, 614 (580 SE2d 215) (2003).

A23A0612. HOLT v. RICKMAN et al.

DOYLE, Presiding Judge, concurring fully and specially.

Because I agree that the present state of the law requires that we affirm the judgment of the trial court, I fully concur. I write separately to note my concern with the arbitrary result of Georgia's "impact rule," which bars recovery in this case because the damages allegedly flow from psychological harm instead of physical harm, even though the plaintiff was the direct and only victim of the alleged tort.

We should be clear about what the impact rule is and what it is not. The doctrine has its origins in a case published in 1892, which stated, "according to good authorities," that mental pain cannot be considered compensable "where it is distinct and separate from [a] physical injury."[1] Based on this, the Supreme Court of Georgia concluded that societal condemnation and sympathy were the best the law could offer: "Perhaps [injured] feelings find as full protection as it is possible to give, in moral law and a responsive public opinion. The civil law is a practical business system, dealing with what is tangible, and does not undertake to redress psychological

---

[1] *Chapman v. W. Union Tel. Co.*, 88 Ga. 763, 768 (15 SE 901) (1892). See also *Lee v. State Farm Mut. Ins. Co.*, 272 Ga. 583, 584-585 (I) (533 SE2d 82) (2000), citing *Chapman*, 88 Ga. at 768.

2

injuries."[2] Today's common law should not be constrained by the science and sensibilities of an era more than a century old.[3]

The main purpose of the rule was to address the potential for excessive liability when bystanders are mentally affected by tortious misconduct.[4] It was justified because, "[a]lthough the physical impact rule sometimes produces harsh results, [the rule] provides a brighter line of liability and a clear relationship between the plaintiff's being a victim of the breach of duty and compensability to the plaintiff."[5]

> [A]ny rule seeking to circumscribe a defendant's liability *to bystanders* must necessarily involve a degree of arbitrariness. However, the benefits of [a bright-line] impact rule are plain . . . . And a rule is not superior to its alternatives simply because it expands recovery if there is no connection between the nature of the damages and the reason for allowing the additional recovery.[6]

---

[2] *Chapman*, 88 Ga. at 773.

[3] Responsive public opinion offers a plaintiff little redress for the misconduct alleged by Holt.

[4] See, e.g., *Chapman*, 88 Ga. at 770 ("[W]here a father sues for a grievous[] physical injury to his minor child, he cannot recover for the laceration of his parental feelings, even in conjunction with damages for the loss of service, though his mental suffering be necessarily severe and heart-rending.").

[5] (Citations and punctuation omitted.) *Coon v. Med. Center, Inc.*, 300 Ga. 722, 734 (4) (797 SE2d 828) (2017), citing *Lee*, 272 Ga. at 586-587 (I) & (II).

[6] (Citations and punctuation omitted.) *Lee*, 272 Ga. at 587-588 (II).

3

Despite its arbitrariness, this bright line approach was deemed preferable because it advanced three policy goals:

> First, there is the fear, that absent [a physical injury resulting from an] impact, there will be a flood of litigation of claims for emotional distress. Second, [there is a] concern for fraudulent claims [for faked injury]. Third, there is the perception that, absent impact, there would be difficulty in proving the causal connection between the defendant's negligent conduct and claimed damages of emotional distress.[7]

None of these concerns apply here. In Holt's own home and bed, Matthews attempted to sexually assault Holt; and she claims he was negligently hired by the defendants despite their actual knowledge that he was on the Georgia Sex Offender Registry. Holt alleges a plausible, straight-line causal chain between hiring a known sex offender and his subsequent alleged sexual misconduct enabled by having unrestricted access to her residence. The class of plaintiffs injured under the present facts is a class of precisely one person, and a jury is fully equipped to evaluate the sincerity and validity of Holt's claims of psychological injury. "In sum, nothing in

---

[7] (Citations and punctuation omitted.) *Eley v. Fedee*, 362 Ga. App. 618, 629 (1) (a) (869 SE2d 566) (2022), Doyle, J., concurring, quoting *Lee*, 272 Ga. at 587 (II).

4

this case suggests an expanded class of victims, a risk of fraud, or causal remoteness [justifying] the impact rule."[8]

In light of this, *if the victim is not a mere bystander* to the alleged tortious conduct, Georgia courts unnecessarily apply the impact rule.[9] The plaintiff in this case has alleged that the defendants' misconduct caused her a distinct psychological harm that flows directly from their choice to hire Matthews and give him unrestricted access to her residence. Had Holt been physically injured in the attack, her claims would be subject to the ordinary concepts of proof and causation that any tort claimant must meet. Nothing about the facts of this case justifies preventing Holt from the opportunity to meet that burden.

---

[8] *Mayorga v. Benton*, 364 Ga. App. 665, 688 (2) (b) (875 SE2d 908) (2022), Doyle, J., concurring in part and dissenting in part, citing *Eley*, 362 Ga. App. at 629 (1) (a) (Doyle, P. J., concurring fully and specially).

[9] For example, experiencing mental distress due to being in a violent car crash is an obvious result, even if it is not inevitable in every case. See *Mayorga*, 364 Ga. App. at 687 (2) (b), Doyle, J., concurring in part and dissenting in part (arguing that "in cases . . . in which the plaintiff was *in a car that was hit* by an oncoming vehicle, the plaintiff's emotional injuries (due to the other driver's negligence) should be legally cognizable damages despite the absence of a physical injury"), citing *Lee*, 272 Ga. at 586 (I). Likewise, experiencing mental distress is a foreseeable result of awaking in one's own bed with a leering stranger who attempts a sexual assault.

Absent some change made by the Supreme Court of Georgia, this area of the law is due for reform by the legislature.

I am authorized to state that Senior Judge Phipps joins this special concurrence.